## YOUNGSTOWN MUNICIPAL RAILWAY CO v WRIGHT

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 11, 1930

Harrington, DeFord, Huxley & Smith, Yougnstown, for Railway Co.

Knight & Gluck, Youngstown, for Wright.

**FARR, J.**

In 17 Corpus Juris, 900, in the paragraph, **"Necessity of proof as to amount"** it is said:

"Evidence from which the amount may be determined is essential to an award for impairment or destruction of earning capacity. An award can not be made from mere conjecture or without proper data furnished as evidence, although the evidence need not be clear

and undubitable to entitle it to go to the jury, and the law exacts only the kind of proof of which the fact to be proved is susceptible. An award for diminution of prospective earning capacity may be made, altho there is no direct evidence as to the amount of loss."

Under note 29 it is observed:

"It is too well settled to require the citation of authorities that such loss can not be considered as an element of the measure of damages in the absence of evidence from which its pecuniary extent may be determined. Even if we may presume an earning capacity in a person of ordinary physical and mental powers, we can not presume its quantum pecuniarily; hence, without evidence on this point there is no ground from which pecuniary damage arising from its loss or impairment can be determined. Olin v. Bradford, supra."

Reference will be made to that case a moment later.

In conclusion under this note it is said:

"The governing rule is that the evidence must be such as would enable the jury to deduce a rational inference therefrom with respect to the matter involved. Kerr v. Frick, 256 Pa., 452-453."

The testimony relating to the employment of Wright is very brief. He makes no explanation save and except to say that he hauled wood. He had been hauling wood at about the time he claims he sustained the injury, but in the testimony he does not fix the amount of his earnings. Now, can it be assumed from the fact that it is shown by his testimony that prior to his injury he was able to work and that following his injury he did not work, that he was a wage earner in some specific amount? Scarcely so, for the reason that a person may be very able to perform physical labor and still not be inclined to do so. There is no concrete testimony here from which a jury might make a deduction as to the amount of past or future earnings, because, as stated, a man might not be inclined to work, tho physically ever so able to do so, nor could the jury assume that he **would** work because he was physically strong, or because he had the opportunity so to do; but there must be some definite testimony from which a deduction may be made.

In 8 Thompson Commentaries on the Law of Negligence, Sec. 7307, the general principle obtaining in such cases is announced:

"**Extent of Loss must be Shown.** General loss of earning power can only be considered as an element of damages where there is evidence from which the pecuniary extent of such loss may be estimated, and where plaintiff asks damages because of his diminished earning capacity, but gives no evidence of his capacity before or after the accident, the question of such damages should not be submitted to the jury."

Again, a case of considerable interest in this connection is Olin v. Bradford, 24 Pa. Superior Court Reports, at page 7. The syllabus reads as follows:

"In a negligence case loss of earning power can only be considered as an element of the measure of damages where there is evidence from which the pecuniary extent of such loss may be estimated."

In an action by a woman to recover damages for personal injuries, the jury may consider loss of earning power as an element of damages where the plaintiff shows that she had been employed as a nurse at certain wages; that she gave up that occupation and kept house for her son and that after her injuries it became necessary to employ another person at stated wages to take her place as housekeeper."

But it will be observed that in the above case she had abandoned her occupation as a nurse and kept house for her son. After the injury a person was employed to take her place at stated wages, and it was also shown what wages she had earned during the time she was a nurse. The court in passing on this question at page 11, observes:

"In the present case there was sufficient ground for an estimate of the pecuniary damage to the plaintiff from the effect of her injury on her earning power. What she could have earned in an employment open to her formed an adequate basis for such estimate. There was evidence of her previous earnings as a nurse. That she chose to quit this occupation and keep house for her son does not imply that she was no longer able to continue it, and if the evidence raised the question, her ability to do so was to be determined by the jury. There was also evidence of the amount which it became necessary to pay the person who took her place and performed her duties as housekeeper, and the jury were warranted in regarding this as a fair measure of their value."

It is observed on page 10:

"The only question reamining relates to the alleged loss of earning power by the plaintiff. It is too well settled to require the citation of authorities that such loss can not be considered as an element of the damages in the absence of evidence from which its pecuniary extent may be determined. Even if we may presume an earning capacity in a person of ordinary physical and mental powers we can not presume its quantum pecuniarily."

Another case is Britton vs. Steel Mfg. Co., 51 N. W., 277. The fourth proposition of the syllabi reads as follows:

"There being no proof of the value of plaintiff's time lost by the injury, nor as to how much he could earn before the injury, the court properly held that there was no basis for estimating the damages resulting to him from the impairment of his capacity to earn money in the future."

To the same effect is it held in Stall v. Railroad Company, 13 N. E., 624, 625. There is, however, a case in Ohio reflecting upon this issue, the case of **Hanna vs. Stoll, 112 Oh St 344.** The second proposition of the syllabi reads:

"Where impairment of earning capacity is pleaded as special damages, it is essential that evidence be adduced from which an estimate thereof may be made by the jury, and in the absence of any evidence upon the subject it can not properly be submitted to the jury as an element of damages."

It is fair to say that this case is not fully upon the proposition under consideration now, for the reason that in the case of Hanna v. Stoll it was a physician who was injured, who was trained for special work, and that would not be the principle applying in the instant case, except the general principle is announced that there must be some proof of the pecuniary loss to be considered as an element of damage and before the same may be submitted to the jury.

This has been an interesting question and it is a question whether or not where a man engaged in just common labor, a

jury might take counsel of its own knowledge of the value of such services, past and present, under that somewhat notable case of **McIntyre v. Garlick, 8 C. C. (Old Series), 416,** the opinion is by Laubie, J., where a recovery was sought on a **quantum meruit** for doing daily chores, but the fact remains here that in the instant case, as before stated, this testimony is very meager, so meager that the rule announced in the above case could scarcely apply. The testimony here is only to the effect that this man hauled wood, or perhaps once worked for a contractor. There is no competent showing of what he earned.

It was suggested in argument that there is attached to the Record an exhibit, a statement in writing made by two investigators who called upon Wright, and that in that statement he said that he was earning thirty dollars a week, and such is the fact. There is such a statement in the exhibit attached to the Record, but it was not offered for the purpose of showing earnings, but for quite a different purpose, and voluntarily limited to a specific purpose, as follows:

"And I believe that Mr. Malone also testified that Mr. Adams took the statement, but it wasn't here, which was true, is that right?

A That is right.

COUNSEL: That is all. May I offer in evidence, Your Honor, as plaintiff's exhibit A, for the purpose of calling attention to the different writing, that is all."

It was admitted in testimony for the purpose indicated but it was voluntarily limited by counsel, for the purpose of calling attention to "different writing", no dispute about that, so it left the Record without any proof as to the earnings of Wright, past or prospective. Therefore, the trial court was in error in submitting the above instruction to the jury, but was it prejudicial? Who can say that it was not? In the first trial of this case there was a verdict of fifteen hundred dollars. On the second trial, and where this instruction was submitted to the jury, there was a verdict of five thousand dollars, which might indicate the effect of the instruction; it is surely, therefore, reversible error.

For the above reason, and that reason alone, the judgment must be reversed and the cause remanded.

Pollock and Roberts, JJ, concur.