Matthias, J.
 

 It is contended that errors, prejudicial to the defendant, occurred upon the trial of the case, which may be summarized as follows:
 

 (1) Rejection of certain ordinances of the city of Lakewood offered in evidence by the defendant. (2) Error of subsequent application and qualification of written instruction given before argument at the defendant’s request. (3) Refusal to give instruction requested by defendant before argument. (4) (riving plaintiff’s requested instruction relative to “loss of earning power.” (5) Errors
 
 *347
 
 in the general charge in several respects to be noted later.
 

 The ordinances in question were traffic regulations of the city of Lakewood in effect at the time of the occurrence in controversy. They prescribe the manner in which vehicles should turn to the left in another street, requiring that such vehicles move to the right of the intersection before making the turn; prescribe the right of way of vehicles on main thoroughfares over others on intersecting streets; constitute Clifton boulevard a main thoroughfare and do not designate Nicholson avenue as such; give vehicles a right of way over traffic on intersecting main thoroughfares; prescribe the rate of speed of vehicles crossing a main thoroughfare or making a turn thereon, and prohibit the rate of speed being greater than one-half the regular speed limit upon such thoroughfare; and define what constitute congested districts in said municipality. The evidence in the record tended to show that plaintiff was making a turn to his left into Clifton boulevard to travel westward thereon, and also that the point in question was not within a congested district.
 

 From the statement of proof tendered by counsel for the defendant, the materiality and relevancy of these ordinances seem quite apparent, and they were rejected, not upon the ground of irrelevancy, or upon the claim of insufficiency of proof of their existence, that having been proved by competent evidence, but upon the ground that they had not been pleaded by the defendant in his answer. The answer in this case, it is to be observed, controverted the charge of negligence made by the
 
 *348
 
 plaintiff against the defendant by a specific denial, and by the averment that plaintiff’s sole negligence caused his injury. This is not new matter constituting a defense, counterclaim, or set-off under the provisions of Section 11314, General Code. There is in it no confession and avoidance. The defense of contributory negligence was not pleaded, for it has been uniformly held by this court that the issue of contributory negligence is not presented by the pleadings, where the defendant in addition to his general denial pleads that plaintiff’s own negligence was the sole cause of the injury.
 
 Bradley
 
 v.
 
 Cleveland Railway Co., ante,
 
 35, 146 N. E., 805, and cases there cited.
 

 We are now merely dealing with the question of pleading. The question of the duty of the trial court relative to instructing the jury, where contributory negligence is not pleaded, but is developed by the evidence, is dealt with quite fully in the cases referred to, and need not be here discussed. It is sufficient at this time to direct attention to the fact that the averments of the answer merely put in issue the claim asserted by the plaintiff that his injury was caused by the negligence of the defendant. No burden was assumed by the defendant in making the averment that plaintiff’s injury resulted from his sole negligence, any more than had he charged that plaintiff’s injury was purposely and willfully self-inflicted, or that it was caused by the act of a third person.
 
 Montanari
 
 v.
 
 Haworth,
 
 108 Ohio St., 8, 140 N. E., 319. The introduction of the ordinances was sought by the defendant for the purpose of showing that the defendant had complied therewith, and for
 
 *349
 
 that reason was not guilty of the negligence charged, and also for the purpose of showing that plaintiff alone was guilty of negligence in violating the same. The record discloses that the defendant offered to show by reference to the ordinances that he had observed the same, and was without negligence in operating his bus, and also that plaintiff’s operation of his automobile was contrary to the provisions thereof. Was he precluded therefrom by reason of failure to plead those ordinances in his answer?
 

 Under the rule laid down in
 
 Schell
 
 v.
 
 Du Bois, Adm’r,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A, 1917A, 710, and
 
 Neave Building Co.
 
 v.
 
 Roudebush,
 
 96 Ohio St., 40, 117 N. E., 22, the evidence offered tended to show acts which constitute
 
 per se
 
 negligence of the plaintiff, but they were particularly pertinent to the defense of the defendant against the charge made by the plaintiff that he was negligent in the operation of his bus, and thereby caused the injury. Upon the issue made by the pleadings, the -defendant could offer aniy -competent evidence tending to show that he did not cause-the injury, and that it did not result from his negligence. From the rule, that in an action founded upon the claimed violation of an ordinance the provisions thereof must be pleaded by the plaintiff, it does not follow that a defendant is precluded from offering in evidence an ordinance which exculpates him from the charge made by the plaintiff, although his answer be but a general denial. In the case of
 
 Meek
 
 v.
 
 Pennsylvania
 
 Go., 38 Ohio St., 632, this court held that it was error to reject an unpleaded ordinance, offered by the
 
 *350
 
 plaintiff, for the reason that it was. admissible as reflecting upon the question of the care exercised by the deceased, and was. not the basis of the action against the company. For the same reason the ordinances tendered by the defendant in the instant case were competent, both to meet the charge of negligence against the defendant and as reflecting upon the care exercised by the plaintiff, and their rejection was error.
 

 The complaint of error in the subsequent application and qualification of written instruction given in defendant’s request before argument has reference to the instruction requested by the defendant and given by the court before argument as follows:
 

 “(1) If the testimony of plaintiff in this action raises in your minds an inference of negligence on the part of plaintiff, I charge and instruct you that the burden thereupon rests upon plaintiff to remove such inference, and unless said inference is so removed, plaintiff cannot recover, . and your verdict must be for the defendant.”
 

 At the close of the general charge the court said:
 

 “And you are instructed that when considering the testimony you find from the evidence that the testimony of the plaintiff in this action raises in your minds an, inference of negligence on the part of plaintiff, I charge and instruct you that the burden thereupon rests upon plaintiff to remove such inference, and unless said inference is so removed, plaintiff cannot recover and your verdict must be for the defendant.”
 

 It is to be observed that this portion of the general charge embodied in exact terms the request
 
 *351
 
 of the defendant given by the court before argument. It was repeated at the close of the charge .at the request of couns'el for plaintiff, evidently in an effort to have the court correct a statement made in the body of the charge to the effect that the burden of showing that the injury resulted from the sole negligence of plaintiff was upon the defendant, which we shall consider later. Though given in that connection it cannot be prejudicial to defendant, and evidently his counsel did not then so regard it, for no objection was made or exception saved, but only a request made that the court further charge as to the effect of a finding of negligence on the part of both parties, which in substance the court had previously given. .
 

 With reference to the claimed error in refusing defendant’s request for written instruction before argument, we deem it necessary only to say, without setting forth the charge, which is somewhat long and involved, that.it assumes that the driving of plaintiff’s automobile into the intersection preparatory to turning into Clifton boulevard constituted a sudden emergency and would tend to misr lead the jury as to the duties and obligations of the defendant in approaching and crossing such intersection.
 

 Upon request of counsel for the plaintiff, the court instructed the jury before argument as to the measure of damage in the event plaintiff was entitled to recover, and included therein “loss of earning power, if any, that the evidence by its greater weight shows he will with reasonable certainty sustain in the future as a direct result of his injuries affecting his power to earn money.”
 
 *352
 
 The giving of this request was excepted to by counsel for defendant, and is now assigned as prejudicial error, as is also a similar instruction contained in the general charge. The basis of such complaint is that there was no evidence showing any value of plaintiff’s earning power, although it is conceded that the averments of the petition were sufficiently broad in that respect, he having pleaded in the petition that at the time of his injury he was earning $8,000 a year, which was referred to by the court in the course of the general charge.
 

 This is a question of considerable importance in this case for the reason that the plaintiff was a physician and surgeon, and, in view of the fact that his physical injuries were comparatively slight, it seems quite clear that the jury must have allowed him a very substantial sum as damages for the loss of earning capacity. The evidence in the record discloses that the plaintiff was
 
 54
 
 years of age and in the active practice of his profession, in which he had been engaged for 30 years. He was left-handed, and the evidence tended to show that a piece of glass embedded in the palm of his left hand had severed the tendon of the index finger, making it permanently impossible to fully flex that finger, which would materially interfere with the practice of his profession, making it difficult, if not impossible, to do certain things required of a general practitioner of medicine and surgery. It is contended, however, by counsel for defendant that in order to recover for loss of earning capacity it was absolutely essential to adduce evidence showing plaintiff’s earning
 
 *353
 
 capacity, so that the difference between his earning capacity before and after the accident conld be determined; that such damages are special damages and to be recovered must be specially plead.ed and proven.
 

 This proposition is quite generally supported by the authorities. The measure of damages for impairment of earning capacity is the difference between the amount-which the plaintiff was capable of earning before his. injury and that which he is capable of earning thereafter. It is stated in the text of 17 Corpus Juris, p. 900, that:
 

 “Evidence from which the amount may be determined is essential to an award for impairment or destruction of earning capacity. An award cannot be made from mere conjecture or without proper data furnished as evidence, although the evidence need not be clear and indubitable to- entitle it to go to the jury, and the law exacts only the kind of proof of which the fact to be proved is susceptible.”
 

 The text is supported by numerous decisions there cited, from one of which a quotation there given is here set forth, because of the conciseness of its statement, as follows:
 

 “It is too well settled to require the citation of authorities that such loss cannot be considered, as-an element of the measure of damages, in the absence of evidence from which its pecuniary extent may be estimated.”
 
 Olin
 
 v.
 
 Bradford,
 
 24 Pa. Super. Ct., 7.
 

 The same proposition is stated in 6 Thompson on Negligence, Section 7307, in the following language :
 

 
 *354
 
 “Generally loss of earning power can only be considered as an element of damages where there is evidence from which the pecuniary extent of such loss may be estimated, and where plaintiff asks damages because of his diminished earning capacity, but gives no evidence of his capacity before or after the accident, the question of such damages should not be submitted to the jury.” (Citing
 
 McKenna
 
 v.
 
 Citizens’ National Gas Co.,
 
 198 Pa., 31, 47 A., 990;
 
 Britton
 
 v.
 
 Street Ry. Co. of Grand Rapids,
 
 90 Mich., 159, 51 N. W., 276;
 
 Houston & T. C. Rd. Co.
 
 v.
 
 Bird
 
 (Tex. Civ. App.), 48 S. W., 756.)
 

 The authorities referred to indicate that such rule is applied somewhat strictly in cases where a professional man is seeking to recover damages for loss of earning capacity. In this case, concededly, there was no evidence whatever which could furnish a basis for a determination of the loss incurred by plaintiff by reason of the impairment of his earning capacity, which for the reasons above indicated must have been a very material factor in the determination of the verdict awarded him. The rule above cited is peculiarly applicable to this case, and we must conclude that it was prejudicial error to instruct the jury that it could award damages for impaired earning-capacity in the absence of evidence upon which such finding could be based.
 

 The only portion of the general charge not previously referred to, and which we deem it necessary to consider, is that wherein the trial court stated that: “The burden of proof is upon the defendant to prove the negligence of the plain
 
 *355
 
 tiff and to prove that the negligence of the plaintiff was the proximate cause of the collision and the proximate cause of the injuries, if any, plaintiff suffered,” shortly thereafter followed by this statement: “There is no presumption of negligence on the part of the plaintiff, nor is there any presumption of negligence on the part of the defendant, that is, that negligence on the part of either party must be alleged by the other party, and must be proven by the party alleging it by a preponderance of the evidence.” This language could have reference only to the averment of sole negligence upon the part of the plaintiff, as the cause of his injury, as alleged in the answer of the defendant, and it is well settled by the decisions of this court, above referred to, that such averments in an answer do not cast the burden of proof upon the defendant.
 

 For the reasons above indicated, the judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.