CLEVELAND YELLOW CAB CO. v. ORGEL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8522. Decided May 28, 1928.

Syllabus by Editorial Staff.

**NEGLIGENCE.**
(370 M) Time of healthy and able-bodied woman who has charge of housework in home of one of her married children with whom she resides, sufficiently valuable to warrant jury in awarding damages for loss of time and earning capacity.

**AUTOMOBILES.**
(50 Ak) If advantage is to be taken of right to turn out of regular traffic to the left, proof must be shown that it was necessary to do so. Simple fact of turning to the left not presumptive evidence of necessity.

Error to Common Pleas.

Judgment affirmed.

Rocker & Schwartz, Cleveland, for Cab Co.
Cline & Patterson, Cleveland, for Orgel.

STATEMENT OF FACTS.

On February 3, 1926, the plaintiff below, Lena Orgel, was a passenger in a Ford automobile which was being driven north across Chester Avenue which runs East and West, at the intersection of East 18th Street, and it appears from the record, by credible evidence, although the same is conflicting that north of the center of Chester Avenue the accident occurred while a taxicab of defendant below, The Cleveland Yellow Cab Company, in attempting to pass by the regular traffic in front of it, while going east toward the intersection of East 18th St., passed out to the north and beyond the center line of Chester Ave., and by so doing, and while going at a rapid rate of speed, in order to get by the regular traffic, collided with the Ford automobile in which plaintiff below, was riding as a passenger.

The jury returned a verdict of $3000.00 in favor of plaintiff, and it is charged that this sum is excessive under the record.

SULLIVAN, PJ.

In our judgment, the record does not establish the charge that the verdict, under all the circumstances of the record, is excessive. Therefore we see no error in this respect.

We now come to the question as to whether the court erred in its charge to the jury.

It is claimed by counsel for plaintiff in error that defendant in error, Lena Orgel, was earning no money, that her time was not of monetary value and that therefore there was no evidence that would warrant the charge as given to the jury, bearing upon such subject matter, as follows:

"In addition to that, she is entitled to recover such an amount as will fairly and justly compensate her for her loss of time and earning capacity, and ability to take care of and earn money for herself; and for her loss of earning capacity and ability to care for herself in the future, if any, . . ."

To support the charge of error in the giving of this instruction, the case of Hanna v. Stoll, 112 OS. 344 is cited.

We examine the record in the instant case to ascertain whether there was any evidence upon which to base such an instruction, and we find that plaintiff below, prior to the accident, was a healthy and able-bodied woman and that she apparently had charge of the housework in the home where she was residing.

Inasmuch as she was living with one of her own married children, she was undoubtedly performing the duties about the house for corresponding benefits which were necessary to her existence and comfort. Therefore, we think there was evidence of a substantial nature to warrant the giving of the instruction, and we do not think that the charge as given is in violation of the authorities laid down in Hanna, supra.

It is also charged that the court committed error in giving two charges which were repugnant to and inconsistent with each other with respect to the question of driving on the left hand side of the roadway.

The two charges in question are as follows:

"The statutes of the State of Ohio provide that: 'A vehicle overtaking another vehicle shall keep to the right of the road or highway, except when necessary to turn to the left in crossing the road or highway or in overtaking and passing another vehicle; provided that in passing a vehicle going in the same direction, such passing shall be made as close to the right hand side of the road or roadway as practicable'."

". . . The driver of the automobile in which the plaintiff was riding . . . had a right to rely on automobiles keeping to the right of the street or travelled highway, that is those going to the east, would keep to the south side of Chester Avenue and not swerve to the north side of the street."

The fact that these two charges were given together and that they apply to the same subject matter, warrants the conclusion that the jury considered all that was said upon the

subject as a whole. The two charges we think are not repugnant for the reason that when the court said that "the driver had a right to rely upon automobiles keeping to the right of the street" it meant that there should be taken in connection with it the other instruction bearing upon the same subject, that a vehicle overtaking another one, shall keep to the right of the road except when necessary to turn to the left in crossing the road or in overtaking and passing another vehicle. These two instructions absorb each other, and consolidated, compose the rule which governs the drivers of vehicles on public highways. It must be remembered, however, that it is not claimed that there is any proof in the record that turning off to the left by plaintiff in error was necessary. It cannot be presumed that when a driver turns off to the left, instead of remaining on the right side of the road, as is the rule, that simply because he turned, it was necessary.

It is our judgment that if advantage is to be taken of the right to turn out of the regular traffic to the left, that proof must be shown that it was necessary so to do, and that the simple fact of turning to the left is not presumtive evidence of the necessity, and for these reasons we think that the charge of error in this last respect is not sufficient to warrant a reversal.

Holding these views the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)