## CINCINNATI (city) v BACHMAN

Ohio Appeals, 1st Dist, Hamilton Co

No 4733. Decided April 1, 1935

John D. Ellis, City Solicitor, Cincinnati, J. H. Grause, Jr., Cincinnati, and Francis T. Bartlett, Assistant City Solicitors, Cincinnati, for plaintiff in error.

Cors & Scherer, Cincinnati, and John L. Ernsberger, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

It is contended by the defendant that the court in so charging committed error. The grounds for this contention are that the statute, §10509-167, GC, cannot be given a retrospective effect. Under §10772, GC, the widow alone would be the beneficiary. Under §10509-167, GC, the father, brothers, and. sister are included as beneficiaries, Obviously the amount and even existence of damages is affected by the change in the law. The amount of recovery is directly proportioned to the pecuniary loss to the beneficiary. If there is an added number of beneficiaries, plainly the amount of such loss and consequent amount of damages may be greatly increased and a new and additional burden is placed upon the defendant. That is, on the date of the collision the defendant was responsible to a certain extent—to respond in damages for the pecuniary loss to the widow, if the amended section is now applicable the defendant's responsibility is increased to include responsibility for loss to the father, brothers, and sister of decedent as their pecuniary loss may respectively be proved.

We quote from **Safford, Supt. of Ins. v Metropolitan Life Ins. Co., 119 Oh St, 332,** syllabus 1:

"A statute which creates a new obligation in respect to transactions or considerations already past is violative of **Article II, §28 of the State Constitution,** which forbids

the enactment of retroactive laws by the general assembly."

And at page 335 of the opinion:
"The terms 'retroactive' and 'retrospective' are synonymous, and are used interchangeably. The definition of that term announced by Justice Story has been heretofore aproved by this court in Rairden, v Holden, Admr., 15 Oh St, 207, and Commissioners v Rosche Bros., 50 Oh St, 103, 33 NE 408, 19 L.R.A., 584, 40 Am. St. Rep., 653. It is as follows:
" 'Every statute which takes away, or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective'."

In Miller et v Hixon, etc., 64 Oh St, 39, syllabus 1 is:
"A statute which imposes a new or additional burden, duty, obligation, or liability, as to past transactions, is retroactive, and in conflict with that part of §28, Article two of the Constitution, which provides that, 'The general assembly shall have no power to pass retroactive laws'."

And at page 51 of the opinion it is stated:
" 'The general assembly shall have no power to pass retroactive laws.' Article 2, §28. This provision is in the nature of an estoppel. The general assembly having the power to enact laws, and on the one hand having failed to do so, and permitted persons to conduct their affairs with reference thereto, or on the other, having enacted laws with certain limitations, and persons having conformed their conduct and affairs to such state of the law, the general assembly is prohibited, estopped, from passing new laws to reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time."

Sec 26 GC provides:
"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner, affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The manifest object of this section is to prevent a violation of the constitution. The only exception to any such action by the legislature (and it is really no exception) is legislation affecting the remedy. The dimension and character of the cause of action and the right must remain fixed as of the date when the cause of action arose, but new remedies may be given for enforcing such existing rights without coming within the inhibition of the Constitution and statutes.

It is stated in syllabus 1 in the case of Gager, Treas. v Prout et, 48 Oh St, 89:

"A retrospective statute, remedial in nature, that is, giving a new remedy for the enforcement of an existing right, is not repugnant to the provision in our constitution inhibiting the pasasge of retroactive laws. Rairden v Holden, Admr., 15 Oh St, 207."

See text and authorities noted in 8 O. Jur., 563. Kimmel et, etc., v King et, 125 Oh St, 505. Smith v New York Central Rd. Co., 122 Oh St, 45, syllabus 1:
"A statute which relates exclusively to remedial rights is not within the purview of the constitutional inhibition against the legislative enactment of retroactive laws."

The real character of the legislation is more apparent if the chronology of the statute and amendment is reversed. If the father, brothers, and sister under the original section had the right to direct instead of contingent participation in the sum of the damages according to their respective pecuniary loss, and the amendment had deprived them of such direct right and relegated them to a contingent participation, who would say that they had not lost a right—or that only a remedy had been affected. If the effect of withholding a right is so plainly within the purview of the inhibition—the creation of a right to participate can be none the less so within such purview. At page 106 of the onipion in Gager, Treas. v Prout et, supra, the court say:

"All laws intended to affect the conduct or the acquisition of rights by the citizen, should have a prospective effect only. This is the principle incorporated in our constitution, inhibiting retroactive laws, and finds a place in every enlightened system

**392**

of jurisprudence. But the principle in no way impairs the power of the legislature to pass laws of a remedial nature, and apply them to past as well as future cases. Where a right has accrued a remedy for its enforcement cannot be said to impair any right of the person against whom it is enforced; to assert the contrary would be to confound the wrong with the right."

Again, we quote from **Commissioners v Rosche Bros., 50 Oh St, 103,** at pages 111, 112:

"However, every statute that is designed to act retrospectively is not retroactive within the terms of §28, **of Art. II, of the Constitution of 1851,** which forbids the general assembly of this state to pass "retroactive" laws. Whether a statute falls within the prohibition of this provision of the constitution depends upon the character of the relief that it provides. **If it creates a new right, rather than affords a new remedy to enforce an existing right, it is prohibited by this clause of the constitution of this state.**

"Judge Story defines a retrospective, or retroactive law, as follows: 'Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective.' The Society, etc. v Wheeler, 2 Gall. 104-139. This definition was approved by this court in **Rairden et v Holden, 15 Oh. St, 207.** It was also adopted by the Supreme Court of the United States in Sturges v Carter, 114 U. S. 511." (Black face ours).

It is our conclusion that the statute unquestionably creates a new right—a right to participate directly—according to the respective pecuniary loss—in the father— brothers and sister—and that it cannot be given a retrospective or retroactive effect.

The charge including the father, brothers and sister as beneficiaries, whose respective pecuniary loss was a matter for consideration by the jury—was erroneous and constituted prejudicial and reversible error.

It is contended by the plaintiff that even if the charge of the court was erroneous that the error was caused and invited by the defendant, in that the court gave a special charge at its request, recognizing that the next of kin were proper beneficiaries, whose pecuniary loss must be included in the general total of damages. Such a charge was presented, and if this were the only error in the case, we might be compelled to give serious consideration to this contention. However, other prejudicial error intervened, as we will presently indicate and this coupled with the fact that the inception of the erroneous premise as to the extra beneficiaries was presented to the court by the plaintiff causes us to include the error in the charge as reversible error.

The defendant set up contributory negligence as a defense. During the trial it became apparent that the decedent had endeavored to make a left-hand turn, across the path of the automobile, in order to ride out an intersecting street. The record shows the following to have occurred:

"MR. GRAUSE: At this time I want to introduce in evidence three ordinances of the City of Cincinnati, by furnishing certified copies by the Clerk of Council.

MR. SCHERER: We object to those that they have not pleaded in their answer.

MR. GRAUSE: Two of these are not in the pleadings. They are on file and one is in the pleadings.

THE COURT: You may introduce the one you have pleaded. The other two will not be admitted. (Said ordinance No. 74-84 was marked Defendant's Exhibit No. 4, it being hereto attached and made a part hereof).

MR. GRAUSE: Note my exception to the ruling on the other two.

(Said ordinance No. 74-25 and 74-79 which were refused were marked Defendant's Identification B and C respectively, being hereto attached and made a part hereof)."

Section 74-79 is the City ordinance requiring a signal to be given by the operator of a vehicle before executing a change of direction or stopping. The rule requiring the pleading of municipal ordinances does not apply to the defense where the evidence develops a proper application of the same. **Knisely v Community Traction Co., 125 Oh St, 131, 135.** The second syllabus is:

"The requirement that municipal ordinances, the violation of which is alleged as grounds of negligence in a personal injury suit, must be pleaded as grounds for affirmative relief, does not apply where it is sought to introduce municipal ordinances in support of the general allegations of contributory negligence as a defense. (**Hanna v Stoll, 112 Oh St, 344, 147 NE, 339,** approved and followed)."

The court did not abuse its discretion in refusing the filing of the amended answer as the defense of contributory negligence could have been properly presented to the jury under the existing pleadings.

In 29 O. Jur., 785, it is stated:

'In fact, it is the established rule in Ohio that even though the pleadings do not raise the question of contributory negligence, if it becomes an issue in a case by virtue of the evidence, it then becomes the duty of the court, regardless of the pleadings, to charge on that issue, and the fact that it is not pleaded is immaterial."

See also: **Cincinnati Traction Co. v Young et, 115 Oh St, 160.**

We find no other error in the record, prejudicial to the plaintiff in error.

For the reasons given, the judgment of the Common Pleas Court is reversed, and the cause remanded for a new trial.

MATTHEWS and HAMILTON, JJ, concur.