EPPS, APPELLEE, *v.* CLYMER MATERIALS CO., APPELLANT.

(No. 269—Decided March 6, 1957.)

*Messrs. Hoopes & Hoopes,* for appellee.
*Messrs. Sanders & Grigsby,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Union County in an action wherein the Clymer Materials Company was defendant, and Everett E. Epps was plaintiff.

The action was one for damages for personal and other injuries alleged to have been sustained by the plaintiff in a collision between an automobile owned and operated by him and a cement-mixer truck owned by defendant, alleged to have been caused by the negligence of defendant's agent and employee.

The case was tried to a jury in the Common Pleas Court, which returned a verdict in favor of the plaintiff and against the defendant in the sum of $6,000. Judgment was duly entered upon this verdict, and the appeal is taken from that judgment.

Defendant, appellant herein, assigns error in a number of particulars, but upon the argument of this cause in this court admitted that all the assignments of error except the second and third assignments were without merit.

The second and third assignments of error are as follows:

"2. There was error in the court's charge to the jury that plaintiff was entitled to damages for loss of time in the past and in the future, and for diminished earning capacity.

"3. The amount of the verdict is excessive and is not sustained by the evidence."

We shall consider these assignments in the order mentioned.

An examination of the court's charge to the jury reveals that the court charged, among other things, as follows:

"If your verdict is for plaintiff, then you will continue with your deliberations and determine what amount of money you will award to the plaintiff as damages that are a direct result of this collision. The verdict should be in such amount as will fairly and fully compensate the plaintiff for the injury which he has actually sustained directly resulting from such colli-

sion, but in no event your verdict should not exceed the amount of $10,000 which is claimed in the petition. This compensation should include the pain and suffering which he has already endured as well as pain which he will endure in the future, if his injury is of such a character as to cause him pain in the future. *It will also include the time he has actually lost, if any, by reason of his injuries so sustained and the loss that may be reasonably certain to accrue to him by reason of his diminished capacity to earn money in the future resulting from such injuries,* if you find that his injuries are such as to diminish his capacity to earn money in the future.

''If any of the injuries sustained by the plaintiff are permanent in their nature, or if there is loss of usefulness to the arm of the plaintiff by reason of such injuries, such facts may be considered by you in determining *the amount of damages which the plaintiff has sustained, and you have a right to consider not only what the loss has been in these respects in the past but' that which may reasonably be expected to follow in the future.*'' (Emphasis added.)

Upon conclusion of the charge, defendant's counsel entered the following objection which was, thereupon, overruled:

''We object to the charge regarding damages by providing for earning power past and future because there was no allegation in the petition, no request for special damages, no request for loss of services.''

The portion of the charge above quoted was the only portion thereof dealing with the manner in which the jury should determine the amount of damages in the event its verdict was for the plaintiff.

An examination of plaintiff's petition reveals that there were no specific allegations therein as to loss of earnings or as to impairment of earning capacity.

A complete examination of the bill of exceptions reveals that plaintiff testified that he was 76 years of age; that his business was farming and horse training; that he had a farm operated partly by his son, on which he (plaintiff) helped; that he trained horses by breaking them, starting the training at home and finishing it at the fairground; that his injuries, so far as the ordinary work he has to do is concerned, handicap him

in most any kind of work, general farm work, papering and plastering and any carpenter work; that he can not drive a nail unless it is where it can be driven with elbow movement only; and that he can not reach out and up. Dr. MacIvor, a witness for the plaintiff, testified to the effect that plaintiff's injuries were permanent. There is no evidence whatsoever in the bill of exceptions as to the amount of money which plaintiff had been earning, the amount which he had been capable of making, the earnings lost by him by reason of his injury, or the amount, if any, by which his earning capacity would be impaired by reason thereof. Except as hereinbefore indicated, there was no evidence of the extent of farm work, papering, plastering, carpentering and horse training, or of any other kind of work that the plaintiff had been doing prior to the accident, was able to do after the accident and before trial, or would be able to do in the future.

The sole question, therefore, to be decided under this assignment of error is whether it is error for a court to include loss of earnings and impairment of earning capacity as elements of damage in its charge to the jury where there are no specific allegations pertaining thereto in plaintiff's petition and where there is no evidence adduced as to the value or extent thereof.

The controlling case in Ohio on the question of the submission of impairment of earning capacity to a jury as an element of damages is the case of *Hanna* v. *Stoll*, 112 Ohio St., 344, 147 N. E., 339, decided by the Supreme Court of Ohio in 1925, wherein the court held in paragraph two of the syllabus, as follows:

"2. Where impairment of earning capacity is pleaded as special damages, it is essential that evidence be adduced from which an estimate thereof may be made by the jury, and in the absence of any evidence upon the subject, it can not properly be submitted to the jury as an element of damages."

It will be noted that the Supreme Court so held even though impairment of earning capacity was pleaded.

The case of *Hanna* v. *Stoll, supra,* involved a physician who had been trained for special work and who was injured; and attempts have been made to distinguish the case on the theory that a jury would not be qualified, under such circum-

stances, to determine the value of the impairment of such specialized earning capacity, but that a jury could do so when the work involved was not specialized in nature. However, this distinction has been held not always to be a valid one, even in the case of a common laborer, where there is no competent showing as to what the common laborer earned. To this effect we cite the case of *Youngstown Municipal Railway Co.* v. *Wright,* 9 Ohio Law Abs., 359, wherein the Court of Appeals held that a charge that the jury should consider loss of earnings, past and future, was prejudicial error where the petition did not declare upon earnings and the only testimony which tended to raise the issue of past and future earnings was that plaintiff had been hauling wood for himself. In discussing the case of *Hanna* v. *Stoll, supra,* the court said, at page 361:

"It is fair to say that this case is not fully upon the proposition under consideration now, for the reason that in the case of *Hanna* v. *Stoll* it was a physician who was injured, who was trained for special work, and that would not be the principle applying in the instant case, except the general principle is announced that there must be some proof of the pecuniary loss to be considered as an element of damage and before the same may be submitted to the jury.

"This has been an interesting question and it is a question whether or not where a man engaged in just common labor, a jury might take counsel of its own knowledge of the value of such services, past and present, under that somewhat notable case of *McIntyre* v. *Garlick,* 8 C. C. (Old Series), 416, the opinion is by Laubie, J., where a recovery was sought on a *quantum meruit* for doing daily chores, but the fact remains here that in the instant case, as before stated, this testimony is very meager, so meager that the rule announced in the above case could scarcely apply. The testimony here is only to the effect that this man hauled wood, or perhaps once worked for a contractor. There is no competent showing of what he earned."

In the case of *Curry* v. *Bd. of Commrs. of Franklin County,* 135 Ohio St., 435, 21 N. E. (2d), 341, involving a suit by a husband for loss of services of a wife, the Supreme Court held that with respect to services of a domestic character, even when

the nature thereof is shown to the jury, it is also necessary to show the extent thereof, and that when the record is devoid of evidence both as to value and as to extent of service the award of the jury is merely a guess.

Impairment of earning capacity and loss of earnings are both items of special damages and so closely complement each other that a jury may not award damages for the loss of future earnings and for the same period of time award damages for the impairment of earning capacity (*A. F. Waite Taxi & Livery Co.* v. *McGrew*, 16 Ohio App., 219). Because of this close and complementary relationship we can see no valid reason to distinguish between them insofar as the rule laid down in *Hanna* v. *Stoll, supra,* is concerned.

We, therefore, hold in the case before us that it was error prejudicial to the defendant for the Common Pleas Court to submit to the jury loss of earnings and impairment of earning capacity as elements of damages, where there was no evidence before the court as to the amount of plaintiff's earnings, past or future, or as to the extent of his services, past or future.

Coming now to defendant's assignment of error numbered "3," we note that damages for pain and suffering and to plaintiff's car are alleged in plaintiff's petition and that the prayer for damages is in the total amount of $10,000, whereas the verdict of the jury is for $6,000. We also note that there was evidence submitted to the jury that plaintiff's car was damaged to the extent of from $200 to $300, and that plaintiff has endured and will endure pain and suffering by reason of his injuries. We note that the court, in its charge, did not instruct the jury as to any particular rule of law that they must follow in determining the amount of damages to plaintiff's car. We have no way of knowing what portion, if any, of the $6,000 verdict the jury considered as (1) damages to car, (2) damages for pain and suffering, (3) damages for loss of earnings or (4) damages for impairment of earning capacity.

Since the amount of damages to be awarded for pain and suffering is primarily left to the sound judgment of the jury (see, *Kroger Grocery & Baking Co.* v. *Poling*, 17 Ohio Law Abs., 49), the jury in this case may have considered the entire $6,000 as being allocated to pain and suffering, and if such were

the case we are not prepared to hold that they were excessive, under the rule laid down by the Supreme Court in the case of *Toledo, Columbus & Ohio River Rd. Co. v. Miller,* 108 Ohio St., 388, 140 N. E., 617, in the third paragraph of the syllabus thereof.

"In an action for damages for personal injury, a verdict should not be set aside unless the damages awarded are so excessive as to appear to have been awarded as a result of passion or prejudice, or unless it is so manifestly against the weight of the evidence as to show a misconception by the jury of its duties in the premises."

The bill of exceptions does not indicate that the damages in the within cause were awarded as a result of passion or prejudice or that they are so manifestly against the weight of the evidence as to show a misconception by the jury of its duties in the premises.

Without considering the effect which the erroneous charge had on the assessment of damages, hereinbefore determined, we are of the opinion that the record does not show the verdict to be excessive nor does it show that the verdict is not sustained by the evidence, as claimed in defendant's third assignment of error.

For the error in the charge to the jury hereinbefore mentioned, which was prejudicial to the defendant, the judgment of the Common Pleas Court is reversed and the cause is remanded for new trial and further proceedings according to law.

It is further ordered that the costs of this proceeding, both in the Common Pleas Court and in this court, including the cost of the bill of exceptions, shall abide the final judgment or order in this proceeding.

*Judgment reversed.*

MIDDLETON, P. J., and YOUNGER, J., concur.