GARRISON, Plaintiff, v. CITY TRANSIT COMPANY, Defendant.

Common Pleas Court, Montgomery County.

No. 113511. Decided April 29, 1958.

30

Sharts, Singer & Brown, for plaintiff.
Landis, Ferguson, Bieser & Greer, for defendant.

## OPINION

By McBRIDE, J.:

(This copy was reduced to include only that portion relating to pleading municipal ordinances.)

Allegations in pleadings of municipal ordinances, which are the same as state regulations, have frequently disturbed the uniform application of other statutes governing the pleading and the trial of negligence cases. The instant motion to strike such allegations questions the propriety of this practice. The ordinances alleged are replete with conclusions of law and standards of care which are considered prejudicial.

It is a fundamental rule of pleading that only the facts be alleged. The law may be set forth only when it is not judicially recognized and when such law is essential to the cause of action and the pleader relies thereon.

It is an anomaly in the development of code pleading that a plaintiff must plead city ordinances, but the defendant is not required to do so. Schulte v. Johnson, 106 Oh St 359, 140 N. E. 116; Knisely v. Community Traction Co., 125 Oh St 131, 180 N. E. 654; Hanna v. Stoll, 112 Oh St 344, 147 N. E. 339. And in certain circumstances it is error to reject an unpleaded ordinance, offered by the plaintiff. Meek v. Pennsylvania Co., 38 Oh St 632.

As was indicated many years ago public statutes "must be noticed by the court." It is "unnecessary to aver and prove what is provided for by general statute, * * * it would be highly improper to do so, as the tendency would be too great prolixity and much additional expense." State v. Perry (1834) Wright's Ohio Supreme Court Reports. This rule was recognized when code pleading was adopted.

In recent years municipal corporations, motivated by a desire to retain fine money, incorporated state statutes controlling motor vehicles into local ordinances. Does the adoption by a municipality of such ordinances change the rules of pleading and open the door to the practice of alleging in haec verba the same general law which the court must judicially recognize?

Pleading such ordinances violates the uniform rules governing pleading, evidence and procedure, injects redundant issues and otherwise creates confusion in the trial. The action of the municipal corporation in effect has been construed by some to authorize in pleadings that which is prohibited by the general statutes.

This court is one of general jurisdiction and judicially recognizes

the state statutes and instructs the jury thereon even though there may be a similar municipal ordinance. These statutes are before the court without pleading or proof. We do not believe that a municipal corporation may change this situation by the enactment of identical ordinances. Where there are two, identical legislative requirements, one of which was enacted by an inferior body, this court may properly refer only to that legislation which is superior and comparable with its own jurisdiction. Under such circumstances city ordinances are unnecessary surplusage.

A municipal ordinance must be pleaded if it is essential and necessary to the plaintiff's cause of action, but where such ordinance is not actually necessary no reason exists for its presence in a pleading.

In considering this question one cannot escape observing that allegations of this character are also argumentative, legal conclusions, and prejudicial. Unnecessarily pleading city ordinances is designed solely to parade the law before the jury.

Allegations of fact are within the area of discretion of the trial judge. Municipal ordinances are paraded here on the basis of right: that they are really facts. Since this court must recognize the same law from the state statutes, pleading an identical municipal ordinance constitutes repetition. In addition there can be no prejudice in striking allegations of fact containing municipal ordinances which are identical to the statutes. We therefore conclude in the interest of proper pleading under §2309.04 R. C., that it is necessary to exercise the discretion of the court by striking allegations of municipal law which are identical to the statutes of this state.