[Cite as *Phillips v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-5699.]

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Keith Phillips, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 12AP-965 |
| v. | : | (Ct. of Cl. No. 2010-10564) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

---

### D E C I S I O N

#### Rendered on December 24, 2013

---

*William C. Wilkinson*, for appellant.

*Michael DeWine*, Attorney General, and *Eric A. Walker*, for appellee.

---

#### APPEAL from the Court of Claims of Ohio

KLATT, P.J.

{¶ 1} Appellant, Keith Phillips, appeals the judgment entered by the Court of Claims of Ohio finding appellee, Ohio Department of Rehabilitation and Correction, negligent and awarding appellant $200,025 in damages. Appellant challenges the adequacy of the monetary damage award. For the following reasons, we affirm.

**Facts and Procedural History**

{¶ 2} Appellant is an inmate at the Marion Correction Institution ("MCI"). On June 29, 2012, MCI staged a day of recreational programming for inmates known as "yard day." Among the organized activities for yard day was a home run hitting contest held on a softball field. There was also a "leisure area" just beyond the outfield fence of the

softball field where entertainment and refreshments were provided for the inmates. Appellant was in the leisure area when he was struck in the face by a softball that had been hit over the fence by a contestant in the home run hitting contest. Appellant sustained a serious injury to his right eye and, as a result, permanently lost most of his vision in that eye.

{¶ 3} Appellant sued appellee for negligence and the issues of liability and damages were bifurcated for trial. Both the liability and damage phases were tried before a magistrate. In the liability phase, the magistrate found that appellee created an unreasonable risk of harm to inmates, including appellant, by locating leisure activities in an area where contestants in the home run hitting contest were likely to hit balls. However, the magistrate also found that appellant failed to use reasonable care to ensure his own safety, and therefore, attributed to appellant 40 percent of the fault. The trial court adopted the magistrate's decision on liability and the trial proceeded before the magistrate on the issue of damages. Following an evidentiary hearing, the magistrate awarded appellant $200,000 for pain and suffering, loss of vision in his right eye, and his increased risk of total blindness due to appellant's loss of vision in one eye. The magistrate did not award any damages for future medical expenses. Applying the 40 percent reduction for comparative fault, the magistrate recommended that the trial court enter judgment for appellant in the amount of $120,000.

{¶ 4} Appellant filed objections to the magistrate's decision challenging both the comparative negligence determination and the amount of the damage award.[1] The trial court sustained appellant's objections regarding the comparative negligence determination and found appellee's negligence to be the sole proximate cause of appellant's injury. Therefore, appellant's damage award was not reduced by the magistrate's 40 percent comparative negligence determination. The trial court overruled appellant's objections to the $200,000 damage award, but increased the damage award by $25 to cover the cost of the filing fee.

{¶ 5} Appellant appeals assigning the following errors:

---

[1] Although appellant failed to timely object to the magistrate's decision on liability, the trial court viewed that decision as interlocutory, and therefore, subject to reconsideration.

1. The trial Court erred in its application of <u>Hanna v. Stoll</u>, (1925), 112 Ohio St. 344 to Plaintiff's claim for lost earning capacity;

2. The trial Court erred concerning the law that governs the degree and type of proof required to support a claim for future damages, specifically future medical expenses; and

3. The trial Court's findings concerning Plaintiff's claims for future medical expenses, future pain and suffering, loss of vision in his right eye and enhanced threat of total blindness are contrary the manifest weight of evidence adduced at trial.

## Lost Earning Capacity

{¶ 6}   In his first assignment of error, appellant contends that the trial court erred in his application of *Hanna v. Stoll*, 112 Ohio St. 344 (1925), when it determined that appellant failed to prove he was entitled to damages for lost earning capacity.  Appellant argues that:  (1) the trial court applied the wrong standard for determining loss of earning capacity; and (2) the trial court's failure to award any damages for loss of earning capacity was against the manifest weight of the evidence.  We find neither argument persuasive.

{¶ 7}   Appellant's challenge to the legal standard applied by the trial court for determining loss of earning capacity involves an issue of law.  Therefore, we review that issue de novo.  *Encompass Indemnity Co. v. Bates*, 1oth Dist. No. 11AP-1010, 2012-Ohio-4503, ¶ 8.

{¶ 8}   Appellant sought future economic damages in the form of impaired earning capacity.  "The measure of damages for impairment of earning capacity is the difference between the amount which the plaintiff was capable of earning before his injury and that which he is capable of earning thereafter."  *Hanna* at 353.  This court explained the concept of impairment of earning capacity by stating:

An award of damages for future wage loss raises two independent evidentiary concerns: (1) whether [the plaintiff] offered sufficient proof of any future impairment; and (2) whether [the plaintiff] offered sufficient evidence of the extent of prospective damages flowing from the impairment.

*Eastman v. Stanley Works*, 180 Ohio App.3d 844, 2009-Ohio-634, ¶ 23 (10th Dist.), quoting *Power v. Kirkpatrick*, 10th Dist. No. 99AP-1026 (July 20, 2000).

{¶ 9} We further explained that in order to recover for impaired earning capacity, the plaintiff must prove by sufficient evidence that he is reasonably certain to incur such damages in the future.

> Therefore, the showing of future loss of earnings in a personal injury case involves demonstrating with reasonable certainty that an individual's injury or condition prevents that individual from attaining his or her pre-injury wage.

(Emphasis deleted.) *Id.* at ¶ 25, quoting *Power*.

{¶ 10} The trial court, through its magistrate, cited and applied both *Hanna* and *Power* in reaching its decision. It was undisputed that appellant sustained a future impairment—permanent damage to the vision in his right eye. Therefore, the trial court focused its attention on the second *Hanna* concern—the extent of prospective damages flowing from that future impairment. The trial court expressly addressed whether appellant had established with reasonable certainty that his vision loss in his right eye prevented him from obtaining his pre-injury wage in the future. We see no basis to conclude that the trial court erred in its interpretation and application of *Hanna* or the law associated with the recovery of damages for impaired earning capacity. Therefore, we reject appellant's contention that the trial court erred in applying *Hanna*.

{¶ 11} Appellant also challenges the trial court's denial of damages for impaired earning capacity on manifest-weight grounds. When it is alleged that a judgment is against the manifest weight of the evidence, an appellate court conducts the same manifest-weight analysis in both criminal and civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17-20.

> "[W]here an appellant challenges a trial court's judgment in a civil action as being against the manifest weight of the evidence, the function of the appellate court is limited to an examination of the record to determine if there is any competent, credible evidence to support the underlying judgment." *Lee v. Mendel* (Aug. 24, 1999), Franklin App. No. 98AP-1404, 1999 Ohio App. LEXIS 3892, at *14, 1999 WL 638645 [at *6]. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273.

> "A trial court's findings of fact are presumed to be correct and will not be reversed as being contrary to the manifest weight of the evidence if there is competent and credible evidence supporting the finding." *Eagle Land Title Agency v. Affiliated Mtge. Co.* (June 27, 1996), Franklin App. No. 95APG12-1617, 1996 Ohio App. LEXIS 2766, at *5, 1996 WL 362051 [at *2] citing *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 355, 617 N.E.2d 1136. "Further, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to decide." *Id.* at *6; see, also, *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24, citing *Seasons Coal,* supra, at 80-81, 461 N.E.2d 1273. "This presumption arises because the trial judge had an opportunity 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Wilson,* supra, at 387, 865 N.E.2d 1264, quoting *Seasons Coal,* supra, at 80, 461 N.E.2d 1273. Mere disagreement over the credibility of witnesses or evidence is not sufficient reason to reverse a judgment. *Id.*

*Yurkowski v. Univ. of Cincinnati*, 10th Dist. No. 11AP-974, 2013-Ohio-242, ¶ 41.

{¶ 12} Here, there is no dispute regarding whether appellant submitted sufficient proof of his future impairment. The record contains no evidence that appellant's eye injury and resulting vision impairment is not permanent. However, the parties vigorously dispute whether appellant proved a loss of earning capacity flowing from his eye injury with reasonable certainty.

{¶ 13} Appellant contends that the manifest weight of the evidence establishes that he is entitled to damages for lost earning capacity and that the trial court erred when it failed to award these damages. We disagree.

{¶ 14} The trial court expressly addressed the evidence appellant presented to prove loss of earning capacity damages. The trial court noted the absence of evidence to prove key elements of a loss of earning capacity damage claim. Although appellant's alleged damages for loss of earning capacity was premised on his inability to obtain employment in the tool and dye industry due to his injury, appellant failed to call a vocational expert to establish his future employability or vocational aptitude to work in this field. Appellant also failed to present any evidence of his pre-injury wage. The trial court found that appellant did not prove a loss of earning capacity because he did not

prove that he was likely to obtain employment in the tool and dye industry upon his release from prison and because there was no evidence of appellant's pre-injury wage. In essence, the trial court found that appellant failed to prove that his injury impacted his capacity to work in the tool and dye industry because he failed to prove that he had the capacity to work in that industry in the future.

{¶ 15} Appellant challenges the trial court's determination by pointing to appellant's testimony that he had worked intermediately in the tool and dye industry prior to his incarceration and that he had intended to seek work in that industry after his release from prison in 2017. However, this evidence must be examined in light of other facts that support the trial court's conclusion that appellant lacked the capacity to work in the tool and dye industry regardless of his eye injury.

{¶ 16} Appellee emphasizes that appellant will be 52 years old when he is released from prison in 2017 following the completion of his eight-year prison sentence. Appellant had a significant criminal record, including convictions for driving under the influence, robbery, domestic violation, escape, felonious assault, weapon under disability, and firearm specification. Appellant had a history of chemical dependency for alcohol and marijuana. Appellant did not graduate from high school and has not worked at all since 2004. His pre-2004 work history reflected employment mostly through temporary agencies and he had been fired from three or four prior jobs. Significantly, appellant also had a disabling cardiac condition for which he was receiving social security disability benefits prior to his incarceration. Based upon these facts, the trial court's determination that appellant failed to prove future damages for loss of earning capacity is not against the manifest weight of the evidence. For these reasons, we overrule appellant's first assignment of error.

**Future Medical Expenses**

{¶ 17} In his second assignment of error, appellant contends that the trial court erred when it found that appellant's expert, Dr. Friberg, did not establish appellant's future medical expenses with reasonable certainty. Appellant argues that Dr. Friberg identified three components to appellant's future medical expenses as well as the amount of each expense: (1) glaucoma examinations two or three times a year for life—$250 for each exam; (2) cataract surgery—$10,000; and (3) eyeglasses—$250 per pair for life.

Appellant argues that Dr. Friberg's testimony was not rebutted, and therefore, the trial court's failure to award these damages is against the manifest weight of the evidence. We disagree.

{¶ 18} Although Dr. Friberg opined that appellant would need cataract surgery at some time in the future, he did not indicate whether that surgery would likely be required before or after the expiration of appellant's prison sentence. As noted by the trial court, appellant's "medical care has been provided at appellee's expense since his incarceration and will continue to be until his release in 2017." Because there is no evidence that appellant would not need cataract surgery until after his release from prison, the trial court's rejection of this component of future medical expense is not against the manifest weight of the evidence.

{¶ 19} Dr. Friberg also testified that appellant would need polycarbonate lenses in his eyeglasses for the rest of his life to provide extra protection for his uninjured left eye and that such glasses cost $250 per pair. However, appellant presented no evidence regarding how many eyeglasses he would need given his life expectancy. Moreover, appellant already wore eyeglasses for his fully functioning left eye. Yet, appellant presented no evidence regarding how much polycarbonate lenses increased the cost of eyeglasses. For these reasons, we conclude that the trial court's failure to award damages for future eyeglass expense was not against the manifest weight of the evidence.

{¶ 20} Lastly, Dr. Friberg testified that appellant would need a glaucoma examination two or three times a year for the rest of his life because his injury significantly increased his chances for developing glaucoma. He estimated that each exam would cost $250. Although appellee will pay for these expenses during the time that appellant remains incarcerated, appellant will incur that expense himself upon his release from prison. However, because appellant would have needed some number of periodic eye examinations, including glaucoma testing, regardless of his right eye injury, appellant needed to present evidence to establish how his injury increased the cost and/or the number of eye exams he would need in the future. Appellant failed to offer such evidence. Without knowing what costs appellant would have incurred for eye examinations if he had not been injured, the trial court was unable to calculate how much those costs were increased due his injury. Therefore, the trial court's failure to award damages for future

glaucoma examinations is not against the manifest weight of the evidence. The second assignment of error is overruled.

**Pain and Suffering**

{¶ 21} In his third and final assignment of error, appellant contends that the trial court's damage award for past and future pain and suffering, loss of vision in his right eye, and enhanced threat of total blindness is against the manifest weight of the evidence. Again, we disagree.

{¶ 22} First, contrary to appellant's contention, the trial court did not award appellant zero damages for loss of vision in his right eye and the enhanced threat of total blindness. The trial court expressly incorporated those damaged elements into its award for past and future pain and suffering. The trial court was not required to separately break out those specific damage elements from its overall damage award.

{¶ 23} Second, in the absence of improper passion or prejudice, the determination of damages for pain and suffering is a matter solely for the determination of the trier of fact because there is no standard by which such pain and suffering may be measured. *Fantozzi v. Sandusky Cement Prods. Co.*, 64 Ohio St.3d 601, 612 (1992); *Airborne Express, Inc. v. Systems Research Laboratories, Inc.*, 106 Ohio App.3d 498 (12th Dist.1995) (mere size of the verdict is not proof of passion or prejudice). We can discern nothing in the record that suggests the trial court acted out of passion or prejudice. The trial court's $200,025 damage award is not against the manifest weight of the evidence. Therefore, we overrule appellant's third assignment of error.

{¶ 24} Having overruled appellant's three assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

————————————