[Cite as *State v. Frederick*, 2014-Ohio-5537.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26864 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD JAMES FREDERICK, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 06 1774 |

DECISION AND JOURNAL ENTRY

Dated: December 17, 2014

MOORE, Judge.

{¶1}  Appellant, Richard Frederick, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}  A grand jury indicted Mr. Frederick on charges of gross sexual imposition and rape related to incidents involving his young niece over a four-month period of time.  While the case was pending, Mr. Frederick moved the trial court in limine to exclude statements made by the child victim during an examination at the Akron Children's Hospital CARE Center.  On October 19, 2012, the trial court denied the motion, noting that "the court [would] revisit this issue at the appropriate time."  Mr. Frederick pleaded guilty almost three months later on the day scheduled for trial.  The trial court sentenced him to concurrent prison terms of three years for gross sexual imposition and 25 years to life for rape.

{¶3}    This Court granted Mr. Frederick leave to file a delayed appeal, and he has raised three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY NOT MERGING COUNT ONE, RAPE, AND COUNT TWO, GROSS SEXUAL IMPOSITION, UNDER REVISED CODE 2941.25 AS ALLIED OFFENSES, AND AT THE LEAST, THE TRIAL COURT ERRED BY FAILING TO CONDUCT A "SIMILAR IMPORT" ANALYSIS BEFORE SENTENCING MR. MR. FREDERICK ON BOTH COUNTS.

{¶4}    Mr. Frederick's first assignment of error is that the trial court committed plain error by failing to merge his convictions as allied offenses.  We do not agree.

{¶5}    Under R.C. 2941.25:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Before sentencing a defendant, a trial court must determine whether multiple offenses were committed by the same conduct.  *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 47. "If the multiple offenses *can* be committed by the same conduct, then the court must determine whether the offenses *were* committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'"  (Emphasis added.)  *Id*. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., concurring in judgment only).  This analysis requires a court to "consider the statutory elements of each offense in the context of the defendant's conduct."  *State v. Williams*, 134 Ohio St.3d 482, 2013-Ohio-5699, ¶ 20.

**{¶6}** R.C. 2907.02(A)(1)(b) prohibits rape and provides, in part, that "[n]o person shall engage in sexual conduct with another * * * when * * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." "Sexual conduct" is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." R.C. 2907.01(A). Gross sexual imposition, prohibited by R.C. 2907.05(A)(4), occurs when a person has sexual contact with another when the other person is less than thirteen years of age, whether or not the offender knows of the victim's age. For purposes of R.C. Chapter 2907, "sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Considering the elements of rape and gross sexual imposition, it is apparent that under *Johnson*, both offenses can be committed by the same conduct.

**{¶7}** Nonetheless, courts have consistently recognized that distinct instances of sexual activity constitute separate offenses that do not merge. *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 8-10. *See also State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 30 (concluding, before *Johnson* was decided, that when gross sexual imposition and rape are committed independently or with a separate animus, they do not merge.). The record in this case demonstrates that Mr. Frederick was not convicted of both offenses based on the same conduct, but based upon multiple offenses constituting a course of conduct that occurred over several months. Significantly, during earlier proceedings on a motion to suppress statements made in the course of a voluntary polygraph examination, the trial court heard testimony that Mr. Frederick

described 3-5 instances of sexual activity with the victim. Based on these descriptions alone, the trial court could reasonably conclude that Mr. Frederick committed rape and gross sexual imposition in distinct, separate incidents.

{¶8} Mr. Frederick's conduct resulted in multiple offenses of the same or similar kind committed separately, and the trial court did not err by sentencing him for both. Because "[t]he existence of error * * * [is] the starting point for a plain-error inquiry," Mr. Frederick's first assignment of error must be overruled. *State v. Hill*, 92 Ohio St.3d 191, 200 (2001).

## ASSIGNMENT OF ERROR II

THE COURT FAILED TO ADEQUATELY NOTIFY MR. FREDERICK DURING THE SENTENCING PHASE OF THE COMBINED PLEA AND SENTENCING HEARING OF THE CONSEQUENCES IN VIOLATING POST-RELEASE CONTROL.

{¶9} Mr. Frederick's second assignment of error is that the trial court erred by failing to adequately inform him about his postrelease control obligations during sentencing. We disagree.

{¶10} "[I]n order to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, * * * a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. Under R.C. 2967.28(B), the sentence for an offender who is committed to prison for a felony sex offense must include five years of postrelease control. R.C. 2967.28(D)(1) also explains that when an offender violates the terms of postrelease control, a prison term of up to one-half of the term originally imposed may be required. At the sentencing hearing, a trial court

must inform the offender if postrelease control is required and must explain the consequences for violating the conditions of postrelease control. R.C. 2929.19(B)(2)(c); R.C. 2929.19(B)(2)(e).

**{¶11}** In this case, the trial court informed Mr. Frederick that he was required to complete five years of mandatory postrelease control and the court also explained the potential consequences if he violated the conditions of postrelease control. The trial court, therefore, complied with the requirements of R.C. 2929.19(B)(2) at sentencing. Mr. Frederick has suggested that a broader level of notification is required but, in this regard, we must observe that his brief on appeal references notification language that is not contained within the applicable statutes, and he has not provided any citation to the source from which the language in his brief is taken.

**{¶12}** Mr. Frederick's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE COURT COMMITTED PLAIN ERROR IN OVERRULING DEFENDANT'S MOTION IN LIMINE WITHOUT PLACING FINDINGS ON THE RECORD AS TO WHAT ROLE THE INTERVIEWING PERSON OF THE VICTIM SERVED PER *STATE V. ROMO*, NAMELY FORENSIC OR MEDICAL, TO SO DETERMINE THE ADMISSIBILITY OF THE VICTIM[']S STATEMENTS TO THE MEDICAL PROVIDER.

**{¶13}** Mr. Frederick's final assignment of error argues that the trial court committed plain error by overruling his motion in limine regarding statements made during the victim's interview at the Akron Children's Hospital CARE Center.

**{¶14}** A defendant who pleads guilty waives the right to challenge actions taken by the trial court except to the extent that those actions affected the knowing and voluntary nature of the plea. *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 18 (9th Dist.). Mr. Frederick has not argued that, because of error in the trial court's ruling, his plea was not knowingly and voluntarily made. To the extent that his appellate brief suggests that denial of the motion in

limine motivated his client to plead guilty, we must note that the record does not contain any evidence supporting that inference. Most notably, the record of the plea and sentencing does not set out any statements that make a connection in this regard. In fact, the face of the record suggests otherwise inasmuch as almost three months passed between the ruling on the motion in limine and Mr. Frederick's guilty plea.

{¶15} Mr. Frederick's third assignment of error is overruled.

III.

{¶16} Mr. Frederick's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.