Lorenzo Dow **HILL**, Plaintiff-Appellee,

v.

**LONG ISLAND RAIL ROAD COMPANY,**
Defendant-Appellant.

No. 375, Docket 25047.

United States Court of Appeals
Second Circuit.

Argued May 6, 1958.

Decided June 18, 1958.

Otto M. Buerger, New York City (William F. McNulty, William J. O'Brien, New York City, of counsel), for defendant-appellant.

William A. Blank, Brooklyn, N. Y., for plaintiff-appellee.

Before WATERMAN and MOORE, Circuit Judges, and GALSTON, District Judge.

WATERMAN, Circuit Judge.

The plaintiff, a railroad conductor employed by the defendant, brought suit pursuant to the provisions of the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.) for injuries sustained by him while in the course of his employment.

At the conclusion of the charge to the jury the judge submitted four special written interrogatories to them with a request that they render a special verdict. These questions, and the jury's answers, signed by each juror, were:

"Question No. 1.

"Do you find from the evidence that the defendant was guilty of negligence?

"Answer 'Yes' or 'No.' *Yes.*

"If your answer is 'No' do not answer any of the other questions. Sign the verdict and return it to the Court.

"Question No. 2.

"Do you find from the evidence that the plaintiff's negligence, if any, contributed to the accident?

"Answer 'Yes' or 'No.' *Yes.*

"If your answer is 'No' do not answer question No. 3 but only question No. 4.

"Question No. 3.

"To what proportion do you find that the plaintiff's negligence contributed to the accident? *30%.*

**737**

"Question No. 4.

"What is the amount of damages that you find the plaintiff has sustained? *$45,000* (Forty-five Thousand)."

Thereupon, although it is claimed that the court granted a request of defense counsel that consideration of any post-verdict motions prior to entry of judgment be adjourned to a later date, the Clerk immediately made docket entries that the Court had ordered judgment in favor of the plaintiff in the sum of $45,000, and that the special verdict and judgment thereon had been filed. Despite this, however, the Court subsequently heard and denied in a written opinion defendant's motions to strike off the entered judgment and to reduce it from $45,000 to $31,500, being 70% of $45,000; or, in the alternative, to strike off the judgment altogether and order a new trial.

The trial judge reconsidered the special verdict in the light of his entire charge to the jury and found that the jury took into consideration and deducted the contributory negligence of 30%.

Appellant claims that there is no uncertainty with respect to what the jurors did; that they answered clean-cut questions capable of but one interpretation; and that, acting under clear instructions from the Court, they found that the plaintiff sustained damages of $45,000 for which he was thirty per cent responsible, and therefore they indubitably intended that plaintiff should recover but seventy per cent of those damages.

Appellee argues that there is no uncertainty about the jury's actions; that the Court's charge was clear; that there was no inherent ambiguity about the questions contained in the special verdict; and that the jury intended that the plaintiff recover $45,000 and did not intend it to be understood that plaintiff was to receive only 70% thereof.

Two allegedly unambiguous, though different, rival interpretations of the jury's verdict are urged by plaintiff and defendant. Since we have no way of knowing what the jury really intended that the plaintiff should receive, we cannot sustain the judgment of $45,000 and hence must reverse. However, the jury has decided in favor of the plaintiff upon the issue of negligence and we find no errors to warrant a reversal of that determination. If the special verdict had been interpreted as the defendant construes it plaintiff would have had judgment entered in his favor for $31,500. The plaintiff should not be deprived of such a judgment and be forced to submit to the delay, expense and risk of a new trial if he desires to avoid such a trial. So we direct that in the event plaintiff shall consent to a remittitur of $13,500 the present judgment shall be reduced thereby and the judgment below less the remittitur shall stand affirmed; in the event the plaintiff does not so stipulate, judgment is reversed.