BLACK, APPELLEE, *v.* PORT, INC., APPELLANT.

(No. 4267—Decided May 28, 1963.)

*Mr. Michael Kosach,* for appellee.
*Messrs. Haynes & Sontich,* for appellant.

BROWN, J. A judgment in the amount of $22,000 was entered upon the verdict of the jury in a negligence action. Motion for new trial was overruled. Defendant-appellant's assigned errors will be considered in order.

First assignment of error: Did the trial court err in refusing to withdraw a juror and continue the cause upon the motion of the defendant when the plaintiff's counsel upon *voir dire* examination asked the following: "Do any of you have an application pending now for premise liability with an insurance company." The court sustained the objection and instructed the jury to disregard the question. The case of *Dowd-Feder, Inc., v. Truesdell,* 130 Ohio St., 530, does not hold, as claimed by the defendant, that it is prejudicial error to ask questions regarding insurance upon *voir dire* examination. On the contrary, that case holds that such questions may be asked subject to control by the sound discretion of the trial court. The trial court properly excluded the answer to this question. Standing alone, the question asked does not demonstrate bad faith. The Supreme Court, in the case of *Dowd-Feder, Inc., v. Truesdell,* quotes with approval the following language:

"* * * 'Much rests in the discretion of the court as to what questions may or may not be answered, but in practice very great latitude is, and generally ought to be indulged.' *Epps v. State,* 102 Ind., 539, 1 N. E., 491."

No case is cited by the defendant which requires the trial court in this circumstance to declare a mistrial.

Assignment of error number two claims that certain questions asked and answered at trial without objection were propounded in bad faith in order to suggest to the jury that the defendant was insured. Since no objection was made to these questions at trial this claimed error will not be considered.

Assignment of error number three claims "the court erred in refusing to admit testimony of Dr. Oscar Turner proffered by the defendant-appellant, he being one of the plaintiff-appellee's examining doctors, and since plaintiff-appellee testified concerning his many injuries, treatments and doctors, who had examined him, including Dr. Turner, thus waiving any privi-

lege that might have existed between himself and Dr. Turner.''

We first note that the testimony claimed to be waived by the plaintiff concerning his treatment by Dr. Turner was minimal and was upon cross-examination, hence not ''voluntary'' as required by Section 2317.02, Revised Code. *Jenkins* v. *Metropolitan Life Ins. Co.,* 113 Ohio App., 163.

The remaining questions as to this exclusion are more difficult. In assessing this difficulty which confronted the trial court and now confronts this court, we find that Section 2317.02, Revised Code, states:

''The following persons shall not testify in certain respects:

''(A) * * * a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient * * *; * * * if the * * * patient voluntarily testifies, the * * * physician may be compelled to testify on the same subject; ''* * *.''

Defendant calls the court's attention to Professor Wigmore's very persuasive arguments which favor the elimination of the privilege in personal injury cases when the patient testifies describing the ailment which is the subject of the litigation. VIII Wigmore on Evidence (Third Ed.), 855, Section 2389. The language of the statute merely says that when the patient testifies the testimony of the physician is compellable upon the same subject matter. The dissent in *Harpman* v. *Devine, Rcr.,* 133 Ohio St., 1, holds that ''subject'' matter in Section 2317.02, Revised Code, means the subject matter of the controversy, the subject matter of the patient's testimony generally, and cannot be limited or restricted merely to the subject of the communication between physician and patient. *Spitzer* v. *Stillings, Exr.,* 109 Ohio St., 297, is given as authority. However, the majority opinion in *Harpman* v. *Devine* is binding upon this court. It holds that the patient's testimony must be voluntary and its subject must concern communications by him to the physician and advice by the physician to the patient before the waiver is effective. The third assigned error is, therefore, not well made.

The fourth assignment of error concerns testimony admitted without objection and will be disregarded.

The fifth assignment of error complains of a special

charge before argument requested by the plaintiff and given by the court over objection. It follows:

"* * * You may take into account and consider the effect, if any, such injuries may have on the plaintiff's ability to perform and do work in earning a livelihood in the future. These matters you will consider in determining the amount of money that he is entitled to as damages."

Defendant says there was no evidence adduced of plaintiff's earning capacity, and that prejudice resulted under paragraph two of the syllabus of *Hanna* v. *Stoll,* 112 Ohio St., 344, which holds:

"Where impairment of earning capacity is pleaded as special damages, it is essential that evidence be adduced from which an estimate thereof may be made by the jury, * * *."

*Hanna* v. *Stoll* involved a physician who claimed special earning capacity, the future exercise or practice of which would be affected by the injury. Failure of plaintiff to present evidence giving the jury a reasonable basis for attributing a monetary value to the loss, if found, left the jury to speculate. The Supreme Court held that this could not be permitted.

The plaintiff, Mr. Black, on the other hand claimed no special earning capacity. Prior to the accident, plaintiff's employment had been sketchy. No loss of earnings to the time of trial was shown.

Some evidence was introduced to show what types of work he was able and qualified to perform prior to the claimed injury. Other evidence was adduced demonstrating that physical capacity to perform physical labor was affected in a definite degree. The going rate of pay and reasonable value of the services of an essentially unskilled man of the age, physical condition, and educational qualifications of the plaintiff are part of the knowledge of most of the persons sitting upon juries in this or any other jurisdiction.

There was no attempt to claim in this case some special loss of capacity to do work normally paid for upon a premium basis or that plaintiff had a computable loss between the premium rate and a basic unskilled rate of compensation for a predictable term. Cases do arise, such as Mr. Black's case, in which the injury can only be described to the best of the ability of the party and the witnesses as to its character and perman-

ency, and a jury must find in a collective knowledge and experience what pecuniary amount will fairly and wholly compensate the plaintiff for such loss or damage as he will with reasonable certainty sustain in the future.

The record in this case does not show an abundance of evidence from which an estimate of impairment of earning accpacity may be made by the jury.

A most recent pronouncement of the Supreme Court of the state of Ohio with reference to the second paragraph of the syllabus in the case of *Hanna* v. *Stoll, supra,* is found in *Curry* v. *Board of Commissioners of Franklin County,* 135 Ohio St., 435, at 436, as follows:

"* * * Reliance was placed upon the second paragraph of the syllabus in the case of *Hanna* v. *Stoll*, 112 Ohio St., 344, 147 N. E., 339, in which this court said, 'Where impairment of earning capacity is pleaded as special damages, it is essential that evidence be adduced from which an estimate thereof may be made by the jury, and in the absence of any evidence upon the subject, it can not properly be submitted to the jury as an element of damages.' However, the plaintiff relies upon the pronouncement of this court in the case of *Hossler, Exr.,* v. *Trump*, 62 Ohio St., 139, 56 N. E., 656, to the effect that 'When, upon the trial of the general issue, in an action upon a *quantum meruit* for services of a domestic character, the plaintiff offers evidence showing the facts from which the promise to pay may properly be inferred, and also showing the nature and extent of the services rendered, the case should be submitted to the jury although no witness expresses an opinion as to the value of the services.' This is still the law, * * *"

The instruction was properly given, since the case is distinguishable from *Hanna* v. *Stoll, supra,* as stated.

The conduct of the court in permitting the plaintiff to amend his petition during the trial was a proper exercise of the trial court's sound discretion. The sixth assignment of error is, therefore, not well taken.

The seventh and eighth assignments of error concern claimed excessiveness of the verdict.

Had this jury been permitted to hear and consider Dr. Turner's testimony as proffered after it was excluded as privileged, there would be a serious question of excessiveness

as urged by the appellant. However, Doctor Turner's testimony was excluded, and we have held that the exclusion was proper.

We must, therefore, consider only that evidence which was properly before the jury, and, having done so, we conclude that there is evidence that justified this jury in returning a substantial verdict for the plaintiff and against the defendant.

Upon all of the evidence properly admitted and considered, however, we are of opinion that the verdict is excessive but not so much so as to indicate passion and prejudice on the part of the jury in their consideration of this problem.

It is the opinion of this court that a remittitur of $7,000 would cure this defect in the verdict and judgment. It is ordered that the judgment be affirmed if the plaintiff will consent to a remittitur of $7,000, and otherwise that such judgment be reversed and the cause remanded for a new trial.

*Judgment accordingly.*

DONAHUE, P. J., and FRANCE, J., concur.