834

■ LEONARD PEARLBERG et al., as Executors of HARRY PEARLBERG, Deceased, et al., Appellants, v. GEORGE W. LACKS et al., Respondents.— Order entered June 30, 1964, which denies the motion of the individual defendants to dismiss the amended complaint pursuant to CPLR 3211 for insufficiency, but grants the motion pursuant to CPLR 3024 (subd. [b]) to strike out paragraphs "2" through "13" of the amended complaint, and grants the motion pursuant to CPLR 3014 to the extent of directing the service of further amended complaint which shall separately state and number each cause of action asserted against each defendant and the basis of such claim, unanimously modified on the law and the facts, to the extent hereinafter indicated, and otherwise affirmed, without costs or disbursements. Unquestionably, the amended complaint is poorly drawn but is sufficient to show some cause of action. As Special Term pointed out, there is a paucity of allegations as to the terms and conditions of the alleged retainer agreement. Moreover, most of the allegations in paragraphs "2" through "13" consist in the recital of events, leading up to the execution of the alleged retainer agreement, which are unnecessary and may well be prejudicial to defendants. While we affirm Special Term in the disposition of the motion insofar as CPLR 3024 (subd. [b]) is concerned, it should be noted that the order in that respect was not appealable as a matter of right (CPLR 5701, subd. [b]), and we have considered the matter only because the question of appealability, without permission, was not raised by respondents. However, in regard to the direction that the further amended complaint must separately state and number causes of action against each defendant, we hold that plaintiffs need not do so if plaintiffs are relying upon a joint retainer. But if a joint retainer is pleaded, plaintiffs will be thereafter bound by their allegations in that respect. The further amended complaint is to be served within 20 days after service of a copy of the order hereon. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ EDITH REICHEL, Respondent-Appellant, et al., Plaintiff, v. IRVING KATZ et al., Appellants, and LOUIS ANGELO, Respondent.— Judgment unanimously modified, on the law and on the facts, to the extent of vacating the verdict in favor of plaintiff Edith Reichel in the sum of $20,172 and granting a new trial as to defendants-appellants Irving Katz and Rose Rosa, and, as so modified, affirmed, with $50 costs to defendants-appellants, unless plaintiff stipulates to accept $12,500 in lieu of the award by verdict, in which event the judgment is modified to that extent, and is affirmed as thus modified, with $50 costs to defendants-appellants. In this personal injury action it is evident that the jury verdict is grossly excessive in its award of damages, and that a verdict in excess of $12,500 is not warranted by the record. Concur — Botein, P. J., Eager and Steuer, JJ.; Rabin and McNally, JJ., dissent, in part, and vote to reverse and dismiss the complaint against defendant-appellant Rose Rosa on the ground that the record fails to establish actionable negligence as to her. Settle order on notice.