Alan J. WICKS, Plaintiff-Appellee,

v.

Milton HENKEN, Defendant-
Appellant.

No. 408, Docket 30706.

United States Court of Appeals
Second Circuit.

Argued May 15, 1967.

Decided May 25, 1967.

George R. Ruditz, New York City
(Weisman, Celler, Allan, Spett & Shein-
berg, Murray C. Spett, Abraham Sha-
piro, New York City, on the brief), for
appellant.

Samuel R. Miserendino, Buffalo, N. Y.
(Miserendino, Krull & Foley, Richard
C. Wagner, Buffalo, N. Y., on the brief),
for appellee.

Before LUMBARD and MOORE, Cir-
cuit Judges, BARTELS,* District Judge.

PER CURIAM.

Defendant-appellant, Milton Henken,
appeals from a judgment in the sum of
$29,500 entered against him upon a jury
verdict. Liability is not in issue; ap-
pellant argues only that the award is
grossly excessive.

On September 14, 1961, plaintiff-ap-
pellee, Alan J. Wicks, a passenger in a
truck, was thrown from the truck into a
roadside ditch when the truck was struck
by a motor vehicle driven by defendant.
Plaintiff sustained injuries to his right
side and head, including a sprained right
shoulder with a partial tear of the su-
praspinatus muscle. He was not hos-
pitalized but kept his arm in a sling for
some two months and received various
types of medical and physiotherapy
treatment. Prior to the accident, plain-
tiff had been a laborer employed by the
State of New York. He was incapacitat-
ed for several months. In March 1962
he returned to work as a driver of a
semi-tractor trailer, doing long distance
driving. His work hours varied between
60 and 70 hours a week. His doctor tes-
tified that plaintiff was discharged from
his care in November 1962 as "clinically
recovered" and that there was no perma-
nent injury. Plaintiff estimated his loss
of wages as a little over $2,000 and
proven medical expenses amounted to
$785.00. Motions for a new trial and
setting aside the verdict or reducing the
amount thereof were denied.

Defendant asks us to exercise
our power under 28 United States Code

* Of the Eastern District of New York, sitting by designation.

sec. 2106 [1] to set aside the judgment or to direct the entry of an appropriate judgment by way of remittitur. Our power to take such action has been dealt with at length in the able opinion of Judge Medina in Dagnello v. Long Island Railroad Company, 289 F.2d 797 (2d Cir. 1961) in which after an exhaustive review of the decisions of State and Federal courts the conclusion was reached that we have the power to review the size of a verdict for excessiveness. Id. at 800.

 Considering the facts and the law with respect to excessive damages, we believe that this case calls for the exercise of this power. Such exercise is not novel in this Circuit. See Lanfranconi v. Tidewater Oil Company, 2 Cir., 376 F.2d 91 (1967); Moore-McCormack Lines, Inc. v. Richardson, 2 Cir., 295 F.2d 583, 96 A.L.R.2d 1085 (1961); Alexander v. Nash-Kelvinator Corp., 2 Cir., 271 F.2d 524 (1959); Hill v. Long Island Railroad Company, 2 Cir., 257 F.2d 736 (1958); and in other Circuits, Flame Coal Co. v. United Mine Workers, 303 F.2d 39, 97 A.L.R.2d 1136 (6th Cir.), cert. denied, 371 U.S. 891, 83 S.Ct. 186, 9 L.Ed.2d 125 (1962); Baldwin v. Warwick, 213 F.2d 485 (9th Cir., 1954); and Texas Co. v. Christian, 177 F.2d 759 (5th Cir., 1949). See also 6 Moore's Federal Practice ¶ 59.05 [3], at pp. 3738–40 (2d ed. 1965).[2] Accordingly judgment is reversed and the case remanded for a new trial, unless plaintiff is willing to remit all damages in excess of $15,000. In the event that such remittitur is made within 10 days, the judgment will be affirmed with interest and costs to plaintiff-appellee.

---

1. Section 2106 reads in its entirety
   "Determination
   "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

2. State appellate courts frequently reduce personal injury awards. See, e. g., Engman v. City of Des Moines, 255 Iowa 1039, 125 N.W.2d 235 (1963) (jury award of $25,000 to injured pedestrian suffering fractured left shoulder found excessive and reduced by appellate court by $6,000); Richoux v. Grain Dealers Mut. Ins. Co., 175 So.2d 883 (La.Ct.App.), writ refused sub nom. Gallagher v. Grain Dealers Mut. Ins. Co., 248 La. 366, 178 So.2d 656 (1965) (trial court's award of over $20,000 to injured worker receiving temporarily disabling shoulder injury reduced by appellate court to $10,738.25); Reichel v. Katz, 23 A.D.2d 834, 259 N.Y.S. 658 (1st Dep't 1965) (new trial ordered by appellate court unless plaintiff in personal injury action remits all but $12,500 of original $20,172 verdict); Black v. Port, Inc., 120 Ohio App. 369, 202 N.E. 2d 638 (Ohio Ct.App.1963) (jury award of $22,000 to unskilled laborer suffering personal injuries reduced by appellate court by $7,000).