**Fred COSENTINO, Plaintiff-Appellant,**

v.

**The ROYAL NETHERLANDS STEAM-SHIP COMPANY, Defendant-Appellee.**

**No. 268, Docket 31866.**

United States Court of Appeals Second Circuit.

Argued Jan. 15, 1968.

Decided Jan. 18, 1968.

Jacob Rassner, New York City, Nathan Gottesman, Brooklyn, for plaintiff-appellant.

William F. McNulty, New York City, (Daniel J. Coughlin, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

This appeal by plaintiff from a judgment entered on a jury verdict of $1800 in his favor following the second trial of his action in the Eastern District presents the question whether Judge Dooling, who presided at the first trial, abused his discretion in ordering that the entire action be retried unless the plain-

tiff agreed to remit a portion of the $25,000 jury verdict awarded to plaintiff in that first trial. We hold that there was no abuse of discretion and affirm the judgment.

Plaintiff brought suit for personal injuries suffered while employed as a longshoreman aboard defendant's ship. The original trial before Judge Dooling and a jury in the District Court for the Eastern District of New York resulted in a jury verdict of $25,000 for the plaintiff. Defendant moved for a new trial, and Judge Dooling ordered that the verdict be set aside and a new trial granted unless plaintiff would remit $12,000 of the $25,000 verdict. Plaintiff declined to remit the $12,000, and the case was then retried before Judge Bartels and a jury, resulting in a jury verdict of $1800 for the plaintiff. From the judgment entered on this verdict, the plaintiff appeals, claiming that there was no basis for Judge Dooling to impose the remittitur after the first trial and that Judge Dooling erred in ordering a new trial of the entire action rather than only on the issue of damages.

Whether a verdict is excessive and whether a new trial should be granted pursuant to a motion under Rule 59 of the Federal Rules of Civil Procedure are questions addressed to the discretion of the trial judge. Considering the evidence on the issue of damages, we find no abuse of discretion by Judge Dooling in ordering that the action be retried unless the plaintiff agreed to remit $12,000 of the jury's verdict.

Where the district court has determined that the verdict is so excessive as to require a new trial, the question whether the retrial should relate to the issue of liability as well as to the issue of damages is likewise addressed to the discretion of the trial judge. In the present case, where the doctrine of comparative negligence is involved and the amount of plaintiff's damages is related to the issue of plaintiff's contributory negligence, it seems entirely proper to retry the entire action and not to limit the issue on retrial to the amount of plaintiff's damages. The appellant has cited no precedent to the contrary. Again, we find that there was no abuse of discretion by Judge Dooling.

The judgment is affirmed.