William **BOTSFORD**, Plaintiff-Appellee,

v.

**IDEAL TRUCKING CO.**, Defendant-Appellant.

No. 36, Docket 33471.

United States Court of Appeals
Second Circuit.

Argued Sept. 17, 1969.

Decided Oct. 28, 1969.

Hays, Circuit Judge, dissented.

Arthur N. Seiff, New York City (William E. Rosa, New York City), for defendant-appellant.

Abraham Weisberg, New York City (Standard, Weisberg, Heckerling & Rosow, New York City, on the brief), for plaintiff-appellee.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

MOORE, Circuit Judge:

On March 17, 1965, while plaintiff's car, being driven by plaintiff, was at a standstill because of a red traffic light, it was struck violently in the rear by defendant's car. There is no question of defendant's liability. After a jury trial, a verdict of $15,000 was returned and a judgment for this amount entered in plaintiff's favor. Defendant appeals, arguing excessiveness and erroneous admission of self-serving declarations.

We believe that in the light of plaintiff's own testimony, the verdict was excessive and, therefore, direct a new trial unless there be a remission of the amount to $7,500.

After the accident, plaintiff, employed by the Central Railroad of New Jersey, continued for some five weeks his regular work as a tower man and telegrapher. He did not consult a doctor until this suggestion was made some three weeks after the accident by an attorney whom he consulted and who recommended a doctor known to the attorney but not to plaintiff. Plaintiff then took a two-week vacation scheduled by his employer long before the accident and unrelated to it. Thereafter he continued full-time work, performing his same duties except for an occasional Saturday and Sunday. In addition to his exaggerated and unsupported claim as to time lost, plaintiff's statements concerning his accident history were less than frank. When in

1966 he gave an account of his medical history to his employer, he denied that he "at any time ever [did] reinjure [his] condition of injuries which occurred on March 17, 1965." He subsequently admitted that he had injured his back while installing a bathroom on August 5, 1966, and that the previous answer was a mistake.

After reviewing the trial record, the court believes that the interests of justice are best preserved by following the procedure adopted in Wicks v. Henken, 378 F.2d 395 (2 Cir. 1967) where, pursuant to 28 U.S.C. § 2106 we "remanded for a new trial, unless plaintiff is willing to remit all damages in excess of * * *" (p. 396).

Therefore, in the event that a remittitur is made within 15 days of all damages in excess of $7,500, the judgment will be affirmed with interest and costs to appellee; otherwise, reversed and remanded for a new trial.

HAYS, Circuit Judge (dissenting):

I dissent from the determination that a remittitur is required.

In Grunenthal v. Long Island R.R. Co., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed. 2d 309 (1968), which reversed a judgment of this court requiring a remittitur, the Court indicated that the reviewing court, before passing on the issue of damages, should make "a detailed appraisal of the evidence" on that issue. In the present case not only does the majority opinion fail to make such an appraisal, but it displays an inexplicable bias against the testimony favoring plaintiff's recovery. For example, the opinion refers to plaintiff's taking a "two-week vacation" as if he were off on a pleasure trip when the testimony was that plaintiff spent that two weeks in bed as a result of the injuries he sustained in the accident.

The testimony as to plaintiff's damages included:

Medical expenses $115 (plus the cost of two visits to a chiropractor, the amount of which does not appear in the record).

Time lost from work: 60 to 70 days at $130 a week, $1560 to $1820. In addition the jury could properly have taken into consideration the probable limitation on future earnings resulting from a permanent disability of 20% in the neck and 25–35% in the left shoulder.

In addition to time lost from work and limitation of future earnings, the jury could properly have awarded damages for plaintiff's loss of ability to continue his extensive participation in sports and to continue to play the bagpipes. (To preclude Judge Moore's indulging his well known propensity for punning, I will myself refer to this latter point as sounding a sour note and as establishing that plaintiff before his injuries was a blowhard.)

Although the defendant had plaintiff examined by a physician, it chose not to introduce any medical testimony. Dr. David Smith, testifying for the plaintiff, stated that his examination of plaintiff about 16 months after the accident showed:

Impairment of ability to bend the head to the left.

Numbness in the left arm.

Restriction of movement of the left shoulder.

Tenderness in the left hip.

Thickening of the Achilles tendon of the right ankle.

Tenderness in the tendon of the right ankle.

Dr. Smith diagnosed plaintiff's condition as a sprain of the neck, radiculitis of the left upper extremity, traumatic myositis of the left trapezius muscle, sprain and tendonitis of the left shoulder, contusion of the left hip and sprain of the right ankle. Dr. Smith testified that there was permanent disability of the neck and left shoulder, estimated at about 20 percent for the neck and 25 to 35 percent for the shoulder.

Plaintiff testified to being treated for pain by a doctor on sixteen occasions

over a period of five months and twice by a chiropractor. He stated that for several months he ached and was sore, his ankles swelled, he could not put on his trousers, he couldn't bend his legs, his back hurt, his neck ached and his shoulders bothered him.

The trial court which had the advantage of hearing the testimony and observing the witnesses ruled that the verdict was not excessive. In Russell v. Monongahela Ry. Co., 262 F.2d 349, 352 (3d Cir. 1958) the court said:

"This court has succinctly and frequently stated that the question of excessiveness of a verdict is primarily a matter to be addressed to the sound discretion of the trial court. Its determination that the verdict is not excessive will not be disturbed upon appeal unless a manifest abuse of discretion is indicated. Lebeck v. William A. Jarvis, Inc., 3 Cir., 1957, 250 F.2d 285; Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825; Dubrock v. Interstate Motor Freight System, 3 Cir., 143 F.2d 304, certiorari denied, 1944, 323 U.S. 765, 65 S.Ct. 119, 89 L.Ed. 613. Only where the verdict is so grossly excessive as to shock the judicial conscience will this court reverse the determination of the trial judge and grant a new trial. Thomas v. Conemaugh & Black Lick R.R. Co., 3 Cir., 1956, 234 F.2d 429. It is not within the province of this court to determine what would be a fair recompense for the injuries sustained by the plaintiff; rather, it is our duty to determine whether the trial judge, weighing all the evidence on the question of damages, has exercised his considered judgment as to a rational verdict in a judicial manner."

The appraisal of the testimony enjoined upon us by the Supreme Court in *Grunenthal* seems to me to establish that there should be no interference with the jury's verdict and the trial judge's ruling.