Nicholas SCHOTTKA, Plaintiff,

v.

AMERICAN EXPORT ISBRANDTSEN LINES, INC. and Bethlehem Steel Corp., Defendants.

No. 67–Civ. 1506.

United States District Court, S. D. New York.

Nov. 13, 1969.

Fields, Rosen, McElligott & Auslander, New York City, for plaintiff Nicholas Schottka; by Thomas E. P. McElligott, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant American Export Isbrandtsen Lines, Inc.; by Hollis M. Walker, Jr., New York City, of counsel.

Mendes & Mount, New York City, for defendant Bethlehem Steel Corp.; by Daniel Huttenbrauck, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

On January 9, 1967, plaintiff, Nicholas Schottka, was working as third assistant engineer aboard the S/S CONSTITUTION. The ship was owned and operated by defendant, American Export Isbrandtsen Lines, Inc., and was in the repair yard of defendant, Bethlehem Steel Corporation.

In a jury trial before the undersigned, extending from October 20, 1969 to October 22, 1969, plaintiff brought an action against defendants for injuries allegedly sustained on January 9, 1967 as a result of the unseaworthiness of the S/S CONSTITUTION and the negligence of the defendants. Plaintiff alleged that when, after descending a ladder on the ship in the performance of his duties, he stepped down on the floor plate below, that floor plate gave way because of defective positioning. Plaintiff claimed that as a result he fell through approximately three or four feet to the bilges below, injuring himself.

The jury made the following special written findings: (1) that the ship was unseaworthy and that this unseaworthiness was a proximate cause of plaintiff's injuries; (2) that the ship owner, American Export Isbrandtsen Lines, Inc., was not negligent; (3) that Beth-

lehem Steel Corporation was negligent and that its negligence caused the unseaworthiness of the ship; (4) that plaintiff was not guilty of any contributory negligence; and (5) that plaintiff was damaged in the sum of $50,000. Accordingly, the jury gave plaintiff a verdict of $50,000 against Bethlehem Steel Corporation.

## MOTION OF DEFENDANT BETHLEHEM STEEL CORPORATION FOR A NEW TRIAL

Defendant Bethlehem Steel Corporation moves that the jury verdict of $50,000 obtained against it by plaintiff be set aside as contrary to the weight of the evidence and as grossly excessive. Defendant American Export Isbrandtsen Lines, Inc., joins Bethlehem Steel Corporation in this motion.

The first ground urged by defendant Bethlehem Steel Corporation supporting its motion that this Court set aside the jury verdict is that the verdict is contrary to the weight of the evidence. This Court does not find that the jury's special written findings on the liability questions in the case are contrary to the weight of the evidence and thus will not disturb these findings.

Defendant Bethlehem Steel Corporation's second ground is that the verdict is grossly excessive. We will consider this question in detail.

There was only one item of special damages claimed by plaintiff. This was the item of lost wages. It was stipulated by the parties that plaintiff lost 3½ months from work, amounting to a monetary loss of $4,200, as a result of the accident. There was no evidence that plaintiff suffered any subsequent loss of ability to work. It was undisputed that he had lost no work time since returning to work and, in fact, had been promoted to second assistant engineer at a higher rate of pay.

Plaintiff made no claims for medical or hospital expenses. The injury plaintiff complained of was an abrasion and laceration of the right shin, or, more technically, the anterior portion of the right leg between the knee and ankle. The medical diagnosis of plaintiff's injury was traumatic cellulitis of the right leg. Plaintiff also complained that he sustained a reaction to penicillin, which was used to treat an infection that developed from the cut on his leg. Plaintiff's reaction appeared in the form of hives and swelling of his eye and face, and other discomforts, lasting several days. There was no evidence that plaintiff sustained any broken bones or loss of mobility. Plaintiff's injuries did result in the discoloration of several areas of the skin, but there was no evidence that this is in any way disabling. Plaintiff's medical expert testified that plaintiff suffers from a permanent condition of extensive scarring in the right shin bone area and from a permanent pressure point tenderness. The doctor testified that the shin area even in a normal leg has a poor blood supply and that plaintiff's scars further exacerbate this condition, making the leg more susceptible to injury. Plaintiff testified, however, that he has had no subsequent trouble with the shin.

On the question of pain and suffering, the evidence indicated that plaintiff suffered the above-mentioned reaction to penicillin and also that while hospitalized he was treated with morphine to reduce his pain. However, the evidence does not indicate that plaintiff suffered any substantial pain and suffering of a protracted nature. Plaintiff did testify that he still has pressure point tenderness in the shin area and that he wore a protective covering over the shin for approximately a month after returning to work. However, plaintiff himself admitted that since about a month after returning to work, he has had no pain in his leg. Likewise, plaintiff's medical expert testified that when he examined plaintiff, the latter had no pain or other discomfort in the leg.

Thus, this Court has closely scrutinized the evidence that was presented at the trial on the question of damages. Quite frankly, the conscience of the Court is shocked by the excessive-

ness of the verdict. After much reflection, this Court finds that the verdict of $50,000 against Bethlehem Steel Corporation is so grossly excessive as to exceed the recovery which the law will allow. *See* Butts v. Curtis Pub. Co., 225 F.Supp. 916 (D.C.Ga.1964), motion for new trial denied, 242 F.Supp. 390, aff'd, 351 F.2d 702 (5th Cir. 1965), aff'd 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). As Judge Levet has indicated:

"[W]hen the sum agreed upon by the jury is so vastly at variance with what common sense and experience dictate to be a fair allowance in the particular circumstances of the case, courts have not hesitated to exercise their discretionary power to modify the verdict in the interest of fairness to all parties." Meehan v. Central R. R. of New Jersey, 181 F.Supp. 594, 608 (S.D.N.Y.1960).

Moreover, having determined that this verdict is so grossly excessive as to be illegal, this Court has the duty to set it aside. As Judge Waterman pointed out in Dellaripa v. New York, New Haven and Hartford R.R., 257 F.2d 733, 735 (2d Cir. 1958):

"[The trial judge's] power to set aside a verdict as excessive implies that he has a duty to do so when he conscientiously believes that the jury has exceeded the bounds of propriety."

*See also* Caldecott v. Long Island Lighting Co., (2d Cir. 1969), 417 F.2d 994; Botsford v. Ideal Trucking Co. (2d Cir. 1969), 417 F.2d 681.

■ Accordingly, it is appropriate for this Court to grant a new trial in the instant case subject to plaintiff's agreeing to a remittitur. *See, e. g.,* Cosentino v. The Royal Netherlands Steamship Co., 389 F.2d 726 (2d Cir.), cert. denied, 393 U.S. 977, 89 S.Ct. 441, 21 L. Ed.2d 438 (1968). Moreover, where the issue of damages is so distinct and separable from the issue of liability that a retrial of it alone may be held without prejudice, a partial new trial of that issue alone may be granted. Fed.Rule Civ. P. 59(a); Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931); Mason v. Mathiasen Tanker Industries, Inc., 298 F.2d 28 (4th Cir. 1962); Darbrow v. McDade, 255 F.2d 610 (3d Cir. 1958). The fact that there is a rule of comparative negligence applicable in this seaman's case does not make the separation of the damages issue difficult. The jury made a special written finding in its special verdict that plaintiff was not guilty of any contributory negligence. Accordingly, the liability question is fully determined and the question of damages is entirely separable. We see no prejudice that would result from a separate new trial of the damages issue. *See* Boldurian v. A/B Svenska Amerika Linien, 246 F.Supp. 413 (E.D.Pa.1965), a case strikingly similar to the instant one.

■ This Court will not, of course, substitute for the jury verdict the amount of damages it might personally have deemed appropriate, had it been the trier of the facts. Where the verdict is excessive, as here, this Court will act only to reduce the jury verdict to the maximum which the law will allow.

Accordingly, the $50,000 verdict is set aside as to the amount of damages and a new trial granted movant on that issue unless, within fifteen (15) days from the date of entry of the order herein, plaintiff agrees that the verdict be reduced to the sum of $16,800. Such agreement would be indicated by a writing filed with the Clerk of this Court.

CROSS–CLAIM OF DEFENDANT AMERICAN EXPORT ISBRANDTSEN LINES, INC. AGAINST BETHLEHEM STEEL CORP. FOR INDEMNIFICATION AND COUNSEL FEES, EXPENSES AND DISBURSEMENTS.

As indicated above, the jury made special written findings that the defendant, American Export Isbrandtsen Lines, Inc., was not negligent, that defendant Bethlehem Steel Corporation was negligent, and that its negligence

caused the unseaworthiness of the vessel.

The contractual relation between the defendants is indicated by the following stipulation made by them and appearing in the pre-trial order:

"2. That at the times alleged in the complaint the defendant, American Export Isbrandtsen Lines, Inc. had entered into a contract for work to be performed aboard the vessel by Bethlehem Steel Corporation and that at the time of plaintiff's alleged accident, such work was going on aboard the vessel."

 Implicit in this contractual relationship was Bethlehem Steel Corporation's warranty of workmanlike service. Crumady v. The J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Weyerhauser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed. 2d 491 (1958). Bethlehem Steel Corporation's negligence, as determined by the jury, breached this warranty of workmanlike service. *See Id.* Accordingly, American Export Isbrandtsen Lines, Inc., has the right to be indemnified by Bethlehem Steel Corporation for all the liability it sustained as a result of the latter's breach. *Id.* Thus, American Export Isbrandtsen Lines, Inc., is entitled to full indemnification from Bethlehem Steel Corporation for the $976.-60 it paid to plaintiff in sick benefits. This amount of the sick benefits has been stipulated to by the parties.

Moreover, Bethlehem Steel Corporation's obligation to indemnify American Export Isbrandtsen Lines, Inc. extends to the reasonable litigation expenses incurred by the latter in defending the action brought by the seaman. Massa v. C.A. Venezuelan Navigacion, 332 F.2d 779 (2d Cir.), cert. denied, 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 186 (1964). As to the amount, it has been agreed between counsel representing the respective defendants that they could resolve the question of the amount of the attorneys' fees, expenses and disbursements, in the event that this Court found that defendant American Export Isbrandtsen Lines, Inc. is entitled to indemnification on this point, as it does. Accordingly, this Court leaves the amount of attorneys' fees, expenses and disbursements to be agreed upon by counsel.

CROSS–CLAIM OF BETHLEHEM STEEL CORPORATION AGAINST AMERISAN EXPORT ISBRANDTSEN LINES, INC.

This cross-claim for indemnification is dismissed. Bethlehem Steel Corporation was specifically found by the jury to be the sole negligent party and thus, on the facts of the case, can have no rights of indemnification against American Export Isbrandtsen Lines, Inc.

So ordered.