**ORIENTAL FINANCIAL GROUP, INC., Plaintiff(s)**

v.

**FEDERAL INSURANCE COMPANY, INC., Defendant(s).**

**Civil No. 00–2035(JAG).**

United States District Court, D. Puerto Rico.

April 2, 2007.

José R. González–Irizarry, Leslie Yvette Flores–Rodríguez and Raúl M. Arias–Marxuach, McConnell Valdés, Ruben T. Nigaglioni, San Juan, PR, for Plaintiffs.

Fernando J. Fornaris–Fernández and James W. McCartney, Cancio, Nadal, Rivera & Díaz, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On January 25, 2007, this Court ordered the parties, Oriental Financial Group, Inc. ("Oriental") and Federal Insurance Company, Inc. ("FIC"), to file a joint motion informing the Court of all pending issues in this case and of their respective positions as to each issue. (Docket No. 278). The parties have complied with said order. (See Docket No. 281). The pending issues in this case relate to the retrial of Claim 3–A and were addressed by the parties in their respective Memoranda of Law (Docket Nos. 252, 253), upon order of the Court. These pending issues are: (1) whether Oriental, in the partial retrial, can receive consequential damages in addition to those awarded by the jury in the first trial and (2) whether Oriental can call additional witnesses and/or evidence in the partial retrial. The Court has reviewed the parties' Joint Motion Pertaining Pending Issues and each of their Memoranda of Law pertaining to retrial, as well as relevant pleadings, orders and other documents on the record.

## FACTUAL BACKGROUND

On August 11, 2000, Oriental filed a Complaint against FIC claiming payment for losses resulting from fraudulent and dishonest acts of several of its employees, which were allegedly covered by certain fidelity bonds underwritten by FIC, and damages resulting from breach of contract, bad faith ("dolo") and breach of the covenant of good faith and fair dealing.

The case went to trial and the jury returned a verdict in favor of Oriental on Claim 1–A, finding that Oriental had suffered a covered loss of $353,219 resulting from one or more dishonest or fraudulent acts by Oriental employee Miguel Flores relating to the Accounts Receivable/Returned Checks Account, and on Claim 2–A, finding that Oriental incurred in expenses amounting to $100,000 in determining its losses related to Claim 1–A. The jury also found for Oriental on its claim of bad faith ("dolo"), which is founded on FIC's wrongful refusal to provide coverage, and granted consequential damages totaling $7,078,640.60.[1] The jury found for FIC on Claim 1–B, finding that Oriental had not suffered a covered loss of $5,605,396.24 resulting from one or more dishonest or fraudulent acts of employees Carlos Ayala

---

1. Oriental's consequential damages were divided into four categories: (1) image campaign and public relations expenses; (2) legal expenses; (3) accounting expenses; and (4) damage to brand name.

and/or Juan Carlos Gonzalez pertaining to the Mortgage Loan Account Portfolio. The jury could not reach an agreement regarding Claim 3–A, under which Oriental claims that it suffered a covered loss of $3,442,450 resulting from one or more dishonest or fraudulent acts of employees Miguel Flores, Carlos Ayala and/or Juan Carlos Gonzalez in connection with the reconciliation of the Federal Home Loan Bank account and two Citibank cash accounts.

## DISCUSSION

### A. *Consequential Damages Award*

Fed.R.Civ.P. 59(a) recognizes the court's power to grant partial new trial when it states that a new trial may be granted "as to all or any of the parties and on all or part of the issues." The general rule is that such power to grant partial new trial should be exercised when "it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931). In determining whether an issue can be retried separately from the others without injustice, the court must use its discretion. *(See Cosentino v. Royal Netherlands Steamship Co.*, 389 F.2d 726 (2d Cir.1968) (holding that the trial judge has discretion in determining whether the retrial should be on all issues or only on damages issues)).

FIC's position on the consequential damages award issue is that Oriental could only receive a consequential damages award greater than the one awarded by the jury in the first trial if the Court vacates the award as improperly granted and the jury in the partial retrial decides to award a greater sum after hearing all of the evidence concerning consequential damages. FIC argues that the consequential damages award should be vacated because the evidence presented in the first trial was insufficient to find FIC liable for bad faith ("dolo") and to impose the consequential damages awarded. If the Court does not vacate the consequential damages awarded by the first jury, it is FIC's contention that Oriental may not receive additional consequential damages because it is barred by collateral estoppel from raising the issue at the second trial. FIC argues that since the issue of consequential damages was fully litigated at the first trial, the first jury having determined what they amounted to, and since the consequential damages were not linked to a specific claim, but to the necessity of a restatement,[2] there is no possibility for an additional award.

Oriental argues that the jury's award of consequential damages should stand and that additional consequential damages may be awarded. Oriental's argument is based on the conclusion that the consequential damages awarded by the jury in the first trial can only be those deriving directly from the claims for which it reached a verdict in favor of Oriental, namely Claims 1–A and 2–A; the consequential damages stemming from Claim 3–A are still to be determined. According to Oriental, although all claims were tried together, they are distinct and separable. As such, the consequential damages awarded by the jury could not have included those deriving

---

2. FIC states that Oriental's theory throughout the trial was that the consequential damages it suffered were brought about by the issuance of a restatement of Oriental's earnings for the previous fiscal years, which became necessary when FIC denied Oriental's claims. In other words, the consequential damages were the result of the restatement and not of the *per se* denial of the claims.

from Claim 3–A since no agreement could be reached regarding whether that claim was wrongfully denied or not. Oriental claims that it should have the right to prove to the jury in the partial retrial that FIC acted with bad faith ("dolo") in denying Claim 3–A as well as the consequential damages that stemmed from that denial. Further, Oriental argues that the issue of consequential damages may be raised again at the partial retrial because, there being no final and unappealable judgment on the merits in this case, the doctrine of collateral estoppel is not applicable.

Consequential damages can only be awarded if a finding of bad faith ("dolo") is made; otherwise, only foreseeable damages can be awarded. Under Puerto Rico law, when a party breaches a contract, he is liable to the aggrieved party for damages which were foreseen or may have been foreseen. However, when a party acts with bad faith ("dolo") in breaching a contract, the aggrieved party may recover all damages that originate from the nonfulfillment of the obligation. *See* P.R. Laws Ann. Tit. 31 § 3024 (2004).

■ The parties disagree on whether at the retrial, additional consequential damages can be awarded for the denial of Claim 3–A. The disagreement stems from the parties' conflicting views regarding what the consequential damages awarded by the jury represent. While Oriental argues that they could only represent the damages derived from FIC's denial of claims 1–A and 2–A, FIC contends that they represent the damages derived from the issuance of the restatement, an event which Oriental never linked to any specific

claim. If Oriental's view prevails, then additional damages could possibly be awarded. However, if FIC is correct in its interpretation of the verdict, then no additional consequential damages can be awarded.

It is clear from the pleadings that Oriental has bad faith ("dolo") claim that is not linked to any specific bond-related claim but is instead a separate cause of action that has to do with FIC's general refusal to provide coverage. *(See* Amended Complaint, Docket No. 6). However, keeping in mind that the bad faith ("dolo") claim cannot be understood in a vacuum, since a general refusal to provide coverage is necessarily linked to the denial of a claim. In order to understand the factual determinations made by the first jury and the issues that remain to be determined in the partial retrial, the Court conducted a careful examination of the instructions to the jury and the verdict form filled-out by the jury, as well as of the transcript of the proceedings when the instructions and the verdict form were read and explained to the jury.

The jury verdict in this case was structured in a way that is consistent with the pleadings. While the jury was presented with separate questions for each claim regarding whether each was a covered loss or not, the verdict form contained only one question addressing bad faith denial ("dolo") of all claims and only one question allowing for an award of consequential damages.[3] The jury did not have the option of separating by claim the finding of bad faith denial ("dolo") nor of granting consequential damages per claim. The verdict form indicates that a finding of bad faith ("dolo") meant that the jury could go

---

**3.** Question 13 of the Verdict Form reads as follows: "Do you find that Federal Insurance Company ('FIC') acted in bad faith ('dolo') in denying Oriental's Proofs of Claim 1–A, 3–A, 1–B, 2–A and 3–B? (If your answer id Yes, skip to Question 15; if your answer is No, proceed to Question 14)." The jury answered "Yes" and proceeded to Question 15, which reads as follows: "Please enter the amounts of damages that you have deemed proven by preponderance of evidence suffered by Oriental ..." *(See* Docket No. 244).

ahead and grant consequential damages up to Oriental's claimed amounts. In order to do so, the jury only had to agree that FIC acted in bad faith ("dolo") in denying Oriental's Claims 1–A, 3–A, 1–B, 2–A and 3–B. Although the possibility always existed that the jury would not find for Oriental in all of its claims, the finding of bad faith ("dolo") was cumulative for all the claims and the verdict form question could be answered in the affirmative even if the jury found for FIC on some of the claims. Consequently, a determination by the jury that FIC acted in bad faith ("dolo") in the denial of any of the claims was sufficient to make a finding for Oriental on the bad faith ("dolo") claim and to proceed to grant consequential damages. A finding of bad faith then allowed the jury to grant consequential damages up to the amount claimed. This interpretation is strengthened by the fact the record does not reflect that either party objected to the bad faith question (Question 13) nor to the consequential damages question (Question 15) in the verdict form, both agreeing to the manner in which they were formulated.[4]

Indeed, the fact that the first jury only found for Oriental on claims 1–A and 2–A makes it clear that its finding of bad faith ("dolo") was based on the wrongful denial of those specific claims. However, this analysis does not spill over to consequential damages. The pleadings and the verdict in this case support the conclusion that a finding of bad faith ("dolo") in the refusal to provide coverage as to any of Oriental's claim was sufficient for the jury to award consequential damages up to the claimed amount. No specific instruction was given that the jury had to limit the consequential damages award according to

their previous determinations on each of the questions regarding whether Oriental's claims were covered losses or not. In other words, a finding that Claim 1–A and 2–A were denied in bad faith led the jury to then ask itself how much Oriental suffered in consequential damages, not how much that specific denial caused in consequential damages. Neither a finding that Claim 3–A was wrongfully denied nor a finding that is was not a covered loss would have changed the consequential damages award. As such, the issues of bad faith ("dolo") and of consequential damages were completely determined by the jury in the first trial.

■ A new trial may be granted "on liability with the prior determination of damages allowed to stand." It is also possible to grant a new trial "on some elements of liability but not all, or on any other separable matters." 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2814 (internal citations omitted). In this case, the issue of liability under Claim 3–A is sufficiently separable from the issues of liability under the other Claims and of consequential damages to permit the former to be submitted to a new jury independently from the other issues without confusion or uncertainty *(See Gasoline Products Co.,* 283 U.S. at 500, 51 S.Ct. 513). Consequently, the Court will exercise its discretion in holding that additional consequential damages cannot be granted in the partial retrial of this case. The partial retrial will be limited to determining whether or not Oriental Claim 3–A was a covered loss.

Regarding the issue of whether the jury's consequential damages award should be vacated for insufficiency of evi-

---

4. The transcript shows that one of the parties requested that the Court clarify to the jury that if it answered Question 13 in the affirma-

tive, then foreseeability need not be proven. The Court explained this to the jury as part of its pre-deliberation instructions.

dence and/or because it is disproportionate, this Court will not make a determination at this point; the parties may address said issue in their post-trial motions.

### B. *Additional Evidence and/or Witnesses*

 The parties were ordered to brief the court on whether Oriental should be permitted to call witnesses it did not call during the first trial at the partial retrial. After careful examination of each of their positions, the Court believes that in the interest of fairness and justice, neither party should be permitted to present new evidence and/or witnesses at the partial retrial. "District courts have the discretion to admit or exclude new evidence on retrial." *Total Containment, Inc. v. Dayco Products, Inc.* 177 F.Supp.2d 332, 338 (E.D.Pa.2001). In doing so, "[t]he Court must be guided by considerations of fairness to the parties and avoid undue prejudice to either party." *Id.* (internal citations omitted). "Only where a court perceives a manifest injustice in limiting evidence at retrial must it allow additional testimony and exhibits." *Id.* In this case, the exclusion of new evidence would not result in manifest injustice to either party.

In their Memoranda, both Oriental and FIC make reference to the Court's expression to the effect that the attorney fees award in this case is unsupported because Oriental did not present as witnesses any representative from its law firm to prove that the firm actually worked on the hours billed and paid. However, given that the partial retrial in this case will not include any determination on consequential damages, the issue of whether additional witnesses shall be allowed to prove attorneys fees is moot. At this time, the Court will not determine whether the evidence presented by Oriental during the first trial regarding this issue was sufficient. The parties may address the issue in post-trial motions.

### CONCLUSION

For all the reasons stated above, the jury in the partial retrial of this case shall only determine whether or not Oriental suffered a covered loss under Claim 3–A. Oriental may not present any witnesses and/or evidence in the partial retrial that were not presented in the first trial. Parties shall submit a Joint Proposed Pre–Trial Order by the date established in the Scheduling Order that will follow.

IT IS SO ORDERED.