■ CHOWAIKI & CO. FINE ART LTD. et al., Appellants, v MICHAEL A. LACHER, Respondent. [982 NYS2d 474]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered September 21, 2012, which, to the extent appealed from, dismissed plaintiffs' causes of action for breach of fiduciary duty, violation of Judiciary Law § 487, fraud, legal malpractice, and unjust enrichment, and granted defendant's motion to strike scandalous or prejudicial matter from the complaint, unanimously modified, on the law, to reinstate the cause of action for unjust enrichment, and otherwise affirmed, without costs.

In this action arising from defendant attorney and his law firm's representation of plaintiffs in an action brought against them by a former employee, plaintiffs allege that they were excessively billed for services rendered, and that they were harassed, threatened and coerced into paying the excessive and overinflated fees. The motion court properly dismissed plaintiffs' claim for breach of fiduciary duty as duplicative of the breach of contract claim, since the claims are premised upon the same facts and seek identical damages, return of the excessive fees paid (*see CMMF, LLC v J.P. Morgan Inv. Mgt. Inc.*, 78 AD3d 562 [1st Dept 2010]; *cf. Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1 [1st Dept 2008]). Although plaintiffs sufficiently allege an independent duty owed to them, arising from the attorney-client relationship, the fraud claim is

similarly redundant of the breach of contract claim, since it also seeks the same damages (*see Coppola v Applied Elec. Corp.*, 288 AD2d 41, 42 [1st Dept 2001]; *Makastchian v Oxford Health Plans*, 270 AD2d 25, 27 [1st Dept 2000]).

However, we find that, as a dispute exists as to the application of the retainer agreement as to defendant, plaintiffs need not elect their remedies and may pursue a quasi-contractual claim for unjust enrichment, as an alternative claim (*see Wilmoth v Sandor*, 259 AD2d 252, 254 [1st Dept 1999]).

The cause of action based upon Judiciary Law § 487 was properly dismissed since relief under this statute is not lightly given and the conduct alleged does not establish the existence of a chronic and/or extreme pattern of legal delinquency which caused damages (*see Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 13 [1st Dept 2008], *lv denied* 12 NY3d 715 [2009]; *Nason v Fisher*, 36 AD3d 486, 487 [1st Dept 2007]).

Plaintiffs' claims of excessive billing and related conduct, which actions are not alleged to have adversely affected their claims or defenses in the underlying action, do not state a claim for legal malpractice (*see e.g. AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]).

We find that the court did not improvidently strike scandalous and/or prejudicial matter from the complaint. References to other actions and a tax levy are irrelevant to plaintiffs' claims (*see* CPLR 3024 [b]; *Soumayah v Minnelli*, 41 AD3d 390, 392 [1st Dept 2007]). Although an order that "orders or refuses to order that scandalous or prejudicial matter be stricken from a pleading" is not appealable as of right (CPLR 5701 [b] [3]), we reach this issue, since defendant has not raised the question of appealability (*see Pearlberg v Lacks*, 23 AD2d 834 [1st Dept 1965]). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Freedman, JJ.