■ Heather Thomson Schindler et al., Respondents, v Eric Rothfeld et al., Appellants, et al., Nominal Defendant. (And Another Action.) [60 NYS3d 125]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 19, 2016, which, to the extent appealed from, granted plaintiffs' motion to dismiss the amended counterclaims, and denied defendants' motion to modify a September 2015 order imposing certain restraints on the parties, unanimously modified, on the law, to deny plaintiffs' motion as to the first counterclaim, and grant defendants' motion vacating the restraints imposed by the September 2015 order, and otherwise affirmed, without costs.

The first counterclaim alleges that plaintiff Heather Thomson Schindler appeared on the third season of the reality television show The Real Housewives of New York without obtaining from defendants an exclusion from section 2.10 (b) of the operating agreement governing the clothing company founded by the parties, which required her to devote her full-time services exclusively to the company. These allegations state a cause of action for breach of contract. Plaintiffs failed to demonstrate as a matter of law that defendants suffered no damages as a result of the alleged breach.

With respect to the second counterclaim, which alleges a breach of article 8 (management) of the operating agreement, the court correctly found that plaintiffs' decision to remove defendant Eric Rothfeld as the manager of the company without a formal meeting and prior notice did not breach any applicable contractual provisions. The court had previously correctly found that this meeting requirement could be avoided, based on section 6.9 of the agreement, which provided that any action that might be taken at a meeting could be taken by informal action where, as here, a majority of the members agreed to take it, and that notice of the decision to take an informal action was not required to waive the meeting requirement. Further, while article 8 set forth the full and exclusive authority of the manager to act on behalf of the company and provided that plaintiffs, as members, would not take any action to "bind" the company without the manager's consent, the allegations that plaintiffs ceased complying with the instructions, requests and direction of Rothfeld as manager do not state a cause of action for breach of any specific contractual obligation imposed upon plaintiffs in article 8.

The third and fifth counterclaims, which allege fraud and

breach of fiduciary duty, were properly dismissed because they do not involve a duty separate and apart from the duty to abide by the terms of the contract (*see Verizon N.Y., Inc. v Optical Communications Group, Inc.*, 91 AD3d 176, 179-180 [1st Dept 2011]). The fourth counterclaim, which alleges breach of fiduciary duty as against Heather Thomson Schindler, is also premised upon the allegations underlying part of the breach of contract counterclaims (*see Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600 [1st Dept 2014]).

The sixth counterclaim, which seeks a permanent injunction to prevent plaintiffs from interfering with Rothfeld's managerial authority cannot stand because the substantive causes of action underlying the claims for injunctive relief have been dismissed (*Weinreb v 37 Apts. Corp.*, 97 AD3d 54 [1st Dept 2012]).

The record does not support a conclusion that the parties agreed that the restraints in the September 21, 2015 order would remain in place indefinitely while this case was pending and in the face of changed circumstances. We therefore vacate the restraints only because they were based upon the motion court's conclusion that the parties continued to consent to them. Our decision is without prejudice to plaintiff seeking such other and further restraints as may be appropriate. Concur—Friedman, J.P., Gische, Kapnick, Kahn and Gesmer, JJ.